OPINION
{¶ 1} This is an appeal of summary judgment granted to the defendants in a case alleging breach of contract and tortious interference with contract. Appellant Edward Wilhelm claimed that he had entered into a settlement agreement with the estate of his late father, Charles Wilhelm. As part of that settlement, Appellant had an option to purchase the decedent's home located at 4130 Crumb Road, Austintown Township. Appellant had 60 days to pay $38,000 to the estate as the purchase price, if certain conditions were met. Appellant's complaint alleged that the administratrix of the estate, Sheryl Foster, and her attorney, Thomas Schubert ("Appellees"), failed to give assurances to Appellant's prospective mortgage company about the sale. Appellant alleged that Appellees' lack of cooperation caused the mortgage application to be rejected. Appellant contends that he had to secure financing at a much higher rate based on Appellees' actions. Appellees filed a motion for summary judgment demonstrating that Attorney Schubert was not a party to the settlement agreement and that Sheryl Foster had no authority, much less a duty, to give the mortgage company any assurances. The Mahoning County Court of Common Pleas granted summary judgment to Appellees, and based on the record now before us, we agree with the trial court and affirm the judgment.
 {¶ 2} Appellant filed his pro se complaint on March 7, 2002. The complaint contained two causes of action. The first claim alleged a breach of the duty to perform contractual obligations in good faith. Appellant did not attach any contract to his complaint as required by Civ.R. 10(D), and the only document in the official record that can be construed as a contract is a settlement agreement that Appellant entered into with Appellee Sheryl Foster on April 10, 2001. Appellant also appears to refer to a real estate purchase agreement, but this document does not appear in the official record. Appellant did attach a copy of the purported purchase agreement to his brief on appeal, but this is not part of the record as defined by the Rules of Appellate Procedure. See App.R. 9.
 {¶ 3} The second cause of action was that of tortious interference with contractual relations. Appellant alleged that Appellees interfered with a contract between Appellant and Delta Finance, although there is no such contract in the record.
 {¶ 4} Appellees filed a combined motion to dismiss and motion for summary judgment on September 16, 2002. The motion to dismiss alleged that Appellant had failed to state a cognizable claim pursuant to Civ.R. 12(B)(6). Appellees alleged that Appellant entered into a settlement agreement that became effective on April 10, 2001. The settlement agreement was attached to the motion. The settlement agreement was in the form of a hearing transcript that contained the terms of the agreement. Part of the agreement was that Appellant would provide proof that he had applied to a financial institution for a mortgage loan within ten days of April 10, 2001. (4/10/01 Settlement, Section 5.) Appellees alleged that Appellant did not submit proof that he had applied for a loan by April 20, 2001. They alleged that the sale eventually took place after a court hearing. Appellees also asserted that they were never asked for assurances concerning a loan application. Appellees argued that they had no duty to make such assurances, and that Appellant could not point to anything in the April 10, 2001, settlement that required them to make such assurances. Finally, they asserted that the April 10, 2001, agreement contains a release of all claims, whether past, present or future, against Sheryl Foster.
 {¶ 5} On November 14, 2002, Appellant filed a response to the motion for summary judgment. In that response he attached a number of affidavits and a copy of the April 10, 2001, settlement. Appellant argued that paragraph eleven of the agreement contained the following covenant to cooperate:
 {¶ 6} "Eleven, the parties agree to cooperate in the preparation and filing of inventories, accounts, and all other matters pertaining to the final dispositions of the assets of the estate and the decedent." (4/10/01 Settlement, Section 11.)
 {¶ 7} Appellant contends that this covenant implied that Appellees were required to give assurances to his proposed lender. The nature of the assurances that Appellant wanted was spelled out in a letter and a fax from Appellant's former attorney, David J. Gerchak. A letter dated May 30, 2001, requested that Sheryl Foster sign a document stating that "[u]pon payment of $38,000, the Estate of Charles Wilhelm will convey any interest in the title at 4130 Crum Road, Austintown, Ohio, to Edward Wilhelm."
 {¶ 8} A fax from Attorney Gerchak dated June 11, 2001, to Attorney Schubert states:
 {¶ 9} "I spoke with the mortgage broker and he advised me that all he wants is a statement that the money is going to the estate and that the estate is going to give clear title."
 {¶ 10} Attorney Gerchak's affidavit stated that he had several conversations with Attorney Schubert concerning the proposed mortgage, and that Attorney Schubert did not send any assurances as requested. There is no indication that these requests were actually conveyed to Sheryl Foster.
 {¶ 11} An affidavit from Richard Ferguson states that he had secured a possible mortgage for Appellant from Delta Finance of California at a rate of 11% per annum, but that Delta Finance required further assurances from the seller. Mr. Ferguson stated that Delta Finance withdrew its loan offer when it did not receive assurances.
 {¶ 12} Based on these documents, Appellant contends that summary judgment was not appropriate.
 {¶ 13} On December 2, 2002, Appellees filed a responsive supplement to their motion for summary judgment. Appellees argued that Attorney Schubert was not alleged to have been a party to any contract with Appellant, and could not therefore be liable to Appellant for a breach of contract. Appellees argued that Sheryl Foster was not permitted by law to give the assurances that Appellant was requesting, because only the probate court itself could have approved and confirmed the sale of estate property.
 {¶ 14} On January 24, 2003, the trial court granted Appellees' motion for summary judgment. On February 21, 2003, Appellant filed this timely appeal. There was a delay in hearing this appeal after it became clear that Appellees had never received a copy of Appellant's brief. Oral argument was rescheduled to allow Appellees sufficient time to submit a responsive brief. At oral argument, Appellant's counsel withdrew all arguments relating to the claim of tortious interference with contract, and relating to any alleged breach of contract by Attorney Schubert. The only issue remaining on appeal concerns the alleged breach of contract by Sheryl Foster.
 {¶ 15} Appellant has attempted to enlarge the official record by attaching additional documents to their appellate brief. An appellate court is limited to reviewing the official record that was before the trial court. State v. Saltzer (1984),14 Ohio App.3d 394, 395, 471 N.E.2d 872; App.R. 9. These documents were not presented to the trial court, and will not be considered on appeal.
 {¶ 16} Once again, this Court is faced with an appeal that has no expressly stated assignments of error, in violation of App.R. 16(A)(3). We are mindful that Appellant began pursuing this appeal pro se, although he did eventually secure counsel to present his case at oral argument. We must remind Appellant that he is not afforded any special consideration on appeal merely because he was acting pro se when he filed his brief: "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept. of Job Family Serv. (2001),145 Ohio App.3d 651, 654, 763 N.E.2d 1238.
 {¶ 17} It is evident that Appellant's sole argument is that summary judgment was inappropriate in this case, and we will proceed on the basis of that one alleged error. Furthermore, based on counsel's assertions at oral argument, the only aspect of the judgment that continues to be disputed involves the alleged breach of contract by Sheryl Foster. We will limit our discussion to that one issue.
 {¶ 18} An appellate court conducts a de novo review of a trial court's decision to grant a motion for summary judgment, using the same standards as the trial court as set forth in Civ.R. 56(C). Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is properly granted where the moving party demonstrates that: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." WelcoIndustries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346,617 N.E.2d 1129, quoting Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 19} Appellant contends that Appellee Sheryl Foster had a duty to cooperate in carrying out the April 10, 2001, settlement agreement. Appellant claims that his potential lender needed a simple, one-line assurance from Foster in order to facilitate the loan. Appellant asserts that Foster's refusal to give that assurance could constitute enough evidence for a jury to find that a breach of contract had occurred.
 {¶ 20} Although there are some disputed facts in this case, the mere existence of disputed facts does not prevent a trial court from granting summary judgment. Under Civ.R. 56, a court may grant summary judgment when the record demonstrates that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Doev. Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. A disputed fact is not necessarily a material fact. A fact is material when it affects the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc.
(1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.
 {¶ 21} Appellees' argument at trial and on appeal is that Sheryl Foster could not legally give the assurances that Appellant allegedly requested. The terms of the April 10, 2001, settlement did not give Sheryl Foster the authority to assure a lender that Appellant was going to purchase the property at 4130 Crumb Road. The settlement only stated that Appellant intended to sign a purchase agreement within seven days, and that Appellant had the revocable option of purchasing the property for $38,000. There is nothing in the settlement agreement requiring or even implying that Sheryl Foster would help Appellant get a loan to purchase the property, or that Appellant would absolutely purchase the property if he had the money on hand to do it. The estate's only obligation was to cooperate in the transfer of the property if Appellant exercised his option and tendered $38,000 to the estate. Sheryl Foster, as the personal representative of the estate, agreed to cooperate in matters related to the estate property, including the preparation of inventories and accounts, but cooperation would not mean falsely representing the terms of the settlement agreement.
 {¶ 22} Appellees are correct that only the probate judge had the ultimate authority to confirm the sale of real estate that was part of the decedent's estate. R.C. § 2127.35 states, in pertinent part:
 {¶ 23} "An executor, administrator, or guardian shall make return of his proceedings under the order for the sale of real estate granted by the probate court. The court, after carefulexamination, if satisfied that the sale has in all respects beenlegally made, shall confirm the sale, and order the executor, administrator, or guardian to make a deed to the purchaser." (Emphasis added.)
 {¶ 24} Appellant's request for assurances essentially asked Sheryl Foster to make a promise that only the probate judge had the authority to make.
 {¶ 25} Furthermore, Appellant has failed to allege or provide evidence that he himself had fulfilled the terms of the April 10, 2001, settlement. One of the terms of the settlement was that Appellant provide evidence by April 20, 2001, that he had applied for a loan from a financial institution. Appellant did not provide the trial court with any loan applications or mortgage contracts to review. If Appellant could not demonstrate on or before April 20, 2001, that he had properly applied for a loan, then he would have been in no position to assert a breach of contract claim against Sheryl Foster.
 {¶ 26} Appellant is under the impression that there could not have been any adverse consequences to the decedent's estate if Foster told Delta Finance that the estate was going to give Appellant clear title to the property if he received the loan. In reality, Sheryl Foster could have subjected herself and the estate to the risk of litigation with Delta Finance if Appellant did not use the money to purchase the property, and would have undoubtedly risked the wrath of the probate court if she gave an assurance that only the court could give.
 {¶ 27} It is unclear why Appellant did not simply give Delta Finance a copy of the April 10, 2001, settlement as evidence of the assurance that the lender wanted. Appellees could not give any more assurances than were in the settlement. Because any assurances were already contained in the settlement agreement, it does not appear that Appellant could have been materially prejudiced by Sheryl Foster's alleged refusal to give similar assurances to Delta Finance.
 {¶ 28} Appellant contends that there was some type of malice involved in Sheryl Foster's failure to give assurances to Delta Finance. Whether or not this is true does not change the basic problem that Foster was not required or legally permitted to give the kind of assurance that Appellant and Delta Finance appear to have requested.
 {¶ 29} For the reasons stated above, the trial court was correct in granting summary judgment to Appellees, and the January 24, 2003, judgment entry is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.