OPINION
{¶ 1} Appellee-appellant, City of Columbus, Board of Industrial Relations ("Board"), appeals from a judgment of the Franklin County of Common Pleas that overruled the Board's decision denying appellant-appellee, Ned Braun, paid injury leave. For the following reasons, we affirm.
 {¶ 2} Braun is a police officer for the City of Columbus. On June 28, 2005, Braun participated in shot gun qualification. Soon thereafter, Braun began experiencing pain in *Page 2 
his right shoulder, and he eventually underwent surgery in May 2006 to alleviate the pain. Braun requested paid injury leave for the period during which he recuperated from his surgery. On May 30, 2006, the Director of the City's Department of Human Resources ("Director") denied Braun's request, stating that he failed to comply with Section 30.1(A) of the collective bargaining agreement ("CBA") between the City and the Fraternal Order of Police. Pursuant to Section 30.1(A), "[a]ll members shall be granted injury leave with pay not to exceed one hundred eighty (180) calendar days for each service-connected injury provided such injury is reported to the member's immediate supervisor not more than three (3) days from the date such injury occurs." Braun did not notify his supervisor of his injury until July 6, 2005 — eight days after shot gun qualification.
 {¶ 3} Braun appealed the Director's decision to the Board. After conducting a hearing, the Board affirmed the Director's decision. Like the Director, the Board concluded that Braun was not entitled to paid injury leave under the CBA because he did not report his injury to his supervisor within three days.
 {¶ 4} Braun then filed an appeal of the Board's decision with the trial court. Both Braun and the Board filed merit briefs before the trial court. The Board also filed a motion to dismiss for lack of subject matter jurisdiction. In that motion, the Board contended that Braun was bound to follow the appeal procedure contained in the CBA and that under that procedure, Braun's sole and exclusive remedy was arbitration.
 {¶ 5} On June 5, 2007, the trial court issued a decision and entry overruling the Board's denial of Braun's request for paid injury leave. The trial court concluded that Braun's injury occurred on July 4, 2005, the date on which the injury first manifested itself through significant pain. Given the date of the injury, the trial court found that Braun had *Page 3 
timely notified his supervisor, and it remanded the matter to the Board with instructions to approve Braun's injury leave request.
 {¶ 6} Also on June 5, 2007, the trial court issued a decision and entry denying the Board's motion to dismiss. The trial court held that because it had resolved the merits of Braun's appeal, the motion to dismiss was moot.
 {¶ 7} On appeal from the trial court's June 5, 2007 judgment, the City assigns the following error:
 THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLEE-APPELLANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.
 {¶ 8} By its only assignment of error, the City argues that the CBA deprived the trial court of jurisdiction because it required Braun to arbitrate the Board's denial of his request for paid injury leave. Because the City failed to properly introduce the relevant portions of the CBA into the record, we find this argument unavailing.
 {¶ 9} Braun invoked the trial court's jurisdiction by appealing the Board's decision pursuant to R.C. 2506.01, which states:
 (A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.
 (C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person * * *. *Page 4 
In construing R.C. 2506.01, the Supreme Court of Ohio has held that an aggrieved party may appeal only those administrative acts that result from quasi-judicial proceedings. M.J. Kelley Co. v. Cleveland (1972), 32 Ohio St.2d 150, paragraph one of the syllabus. See, also, State ex rel.McArthur v. DeSouza (1992), 65 Ohio St.3d 25, 27; Nuspl v. Akron (1991),61 Ohio St.3d 511, 516. Such proceedings are characterized by a notice requirement, a hearing, and the opportunity for the introduction of evidence. M.J. Kelley Co., paragraph two of the syllabus.
 {¶ 10} Here, all aspects of Braun's appeal satisfy the requirements of R.C. 2506.01. First, he appealed from a "final order, adjudication, or decision" because he sought review of a decision that determined his contractual right to paid injury leave. Second, the decision at issue arose from a quasi-judicial proceeding. The Rules and Regulations of the Board, adopted June 28, 1984, provide for a hearing on every appeal filed before the Board, with notification of the hearing to all parties. Rule 4(B). Further, all parties have the right to "[o]ffer and examine witnesses and present evidence in support of their case" and "[c]ross-examine adverse witnesses." Rule 4(F)(5)(a) and (b). Thus, R.C.2506.01 invested the trial court with jurisdiction over Braun's appeal.
 {¶ 11} The City, however, asserts that the CBA requires arbitration — not judicial adjudication — of appeals from Board decisions that deny paid injury leave. In making this argument, the City relies upon portions of the CBA that it attached to its appellate brief. Notably, those portions are absent from the trial court's record.[1] Appellate courts are confined to the record that was before the trial court. App.R. 12(A)(1)(b); Wilhelm v. *Page 5 Foster, Mahoning App. No. 03 MA 29, 2004-Ohio-5928, at ¶ 15; Folck v.Henry, Montgomery App. No. 19984, 2004-Ohio-3772, at ¶ 11. Consequently, appellate courts cannot consider exhibits or other documents attached to an appellate brief that were not properly certified as part of the trial court's record. In the Matter of the Estate of Taris, Franklin App. No. 04AP-1264, 2005-Ohio-1516, at ¶ 24; Napper v. Napper, Allen App. No. 1-02-82, 2003-Ohio-2719, at ¶ 5. Because the City neglected to introduce the relevant portions of the CBA into the record, we cannot consider them. Without an evidentiary basis, the City's jurisdictional argument fails. Accordingly, we overrule the City's sole assignment of error.
 {¶ 12} For the foregoing reasons, we overrule the City's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and FRENCH, JJ., concur.
[1] In accordance with R.C. 2506.02, the trial court's record includes a complete record of the proceedings before the Board. *Page 1