NOE, Appellant,

v.

SMITH, Appellee.

[Cite as *Noe v. Smith* (2000), 143 Ohio App.3d 215.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 00CA004.

Decided Sept. 12, 2000.

*Donald R. Capper*, for appellant.

*Gerald A. Mollica*, for appellee.

KLINE, Presiding Judge.

Leah D. Noe appeals the Athens County Court of Common Pleas' dismissal of her complaint against Edgar Smith pursuant to Civ.R. 12(B)(6). Noe contends that her complaint, taken together with her request to conduct discovery and her motion for reconsideration, stated a claim upon which relief may be granted. Because the trial court is confined to consider the facts alleged in the complaint when deciding a Civ.R. 12(B)(6) motion to dismiss, and because Noe failed to allege facts in her complaint upon which relief is available, we disagree. Accordingly, we affirm the judgment of the trial court.

## I

Noe and Smith were involved in an automobile accident on October 2, 1997. Noe filed a complaint against Smith on October 13, 1999. Smith filed a Civ.R. 12(B)(6) motion to dismiss on the ground that Noe failed to file her claim within the applicable statute of limitations. Noe filed a memorandum in opposition, asserting that the statute of limitations was tolled pursuant to R.C. 2305.15(A) because Smith had absented himself from the state during the relevant time period. Additionally, Noe requested the court to permit discovery to determine whether Smith had been absent from the state during the statutory period.

The trial court granted Smith's motion and dismissed Noe's complaint on the ground that her complaint failed to allege facts upon which relief could be granted. In so holding, the trial court specifically refrained from ruling upon the constitutionality of R.C. 2305.15(A). Noe filed a motion for reconsideration and attached an affidavit indicating that Smith moved and might have been out of state during the investigation of the accident. Noe then filed a timely notice of appeal.

Noe asserts the following assignments of error:

"I.   The trial court erred in granting defendant's motion to dismiss as it could not be conclusively established on the face of the complaint that the claims of the plaintiff were barred by the statute of limitations.

"II.   The trial court erred in holding R.C. 2305.15(A) unconstitutional."

## II

In her first assignment of error, Noe asserts that the trial court erred in granting Smith's motion to dismiss. Noe contends that the facts alleged in her complaint state a claim upon which relief can be granted. Specifically, Noe argues that the facts alleged in her complaint do not conclusively establish that the statute of limitations was not tolled during the relevant time period.

Civ.R. 12(B)(6) provides that a trial court may grant a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." When ruling on a Civ.R. 12(B)(6) motion to dismiss, the court must presume the truth of all factual allegations in the complaint. *Mitchell v. Lawson Milk Co.* (1989), 40 Ohio St.3d 190, 193, 532 N.E.2d 753, 756–757. Additionally, the court must draw all reasonable inferences in favor of the nonmoving party. *Id.* However, the trial court is not required to draw conclusions that are not suggested by the factual allegations. *Id.* The court may grant a motion to dismiss only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541,

544, 584 N.E.2d 729, 732–733; *Wilson v. Ohio* (1995), 101 Ohio App.3d 487, 491, 655 N.E.2d 1348, 1350–1351. We review a dismissal under Civ.R. 12(B)(6) *de novo. Hunt v. Marksman Prods., Div. of S/R Industries, Inc.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726, 727–728.

When it is obvious from the face of a complaint that the statutory period for filing a claim has expired, dismissal pursuant to Civ.R. 12(B)(6) is appropriate. *Mitchell v. Speedy Car X, Inc.* (1998), 127 Ohio App.3d 229, 231, 712 N.E.2d 768, 769, citing *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 518–519, 620 N.E.2d 152, 155–156. When such a defect presents itself in a complaint, the plaintiff may avoid dismissal by amending the complaint to include factual allegations that, if true, would prevent operation of the statute of limitations. A trial court should freely grant leave to amend a complaint when justice so requires. Civ.R. 15(A); *Cecil v. Cottrill* (1993), 67 Ohio St.3d 367, 371, 618 N.E.2d 133, 136.

In this case, Noe filed a complaint on October 13, 1999, in which she alleged that Smith caused her injury on October 2, 1997. Noe failed to allege in her complaint that Smith absented himself from the jurisdiction between October 2, 1997, and October 13, 1999, or that the statute of limitations had tolled in another manner. Noe never sought to amend her complaint to include such an allegation. On the face of Noe's complaint, it is obvious that she did not bring her complaint within two years following the alleged injury. Because a trial court is confined to the facts alleged in the complaint when faced with a Civ.R. 12(B)(6) motion to dismiss, and because it appears beyond a doubt from the face of the complaint that Noe can prove no set of facts that would entitle her to relief, we find that the trial court did not err in dismissing Noe's complaint.

Accordingly, we overrule Noe's first assignment of error.

### III

In her second assignment of error, Noe asserts that the trial court erred in holding that R.C. 2305.15(A) is unconstitutional. In its opinion, the trial court specifically declined to rule upon the constitutionality of R.C. 2305.15(A). The trial court went on to find that Noe failed to allege facts in her complaint, or even include queries in her interrogatories, to suggest that Smith was outside the jurisdiction during the relevant statutory period.

Because the trial court did not in fact determine that R.C. 2305.15(A) was unconstitutional, and further because the trial court did not base its judgment upon the constitutionality of R.C. 2305.15(A), we overrule Noe's second assignment of error.

In conclusion, we find that the trial court did not err when it dismissed Noe's complaint for failure to allege facts in her complaint upon which relief can be granted. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE and EVANS, JJ., concur.