[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The trial court determined that the real party in interest is JNS Hale Enterprises, Inc. and granted JNS leave to amend its complaint. However, we refer to the party name as captioned on the trial court's judgment entry.
 DECISION AND JUDGMENT ENTRY
{¶ 1} JNS Enterprises, Inc. appeals the trial court's judgment dismissing its complaint against Sheila G. Sturgell as Executrix of the Estate of John W. Sturgell (Executrix). JNS contends that the trial court improperly concluded that it did not timely file its complaint against the Executrix under R.C. 2117.12. Because the trial court relied upon evidentiary materials attached to the parties' memoranda supporting their positions without converting the Executrix's motion to dismiss into a summary judgment motion, we reverse its judgment and remand for further proceedings consistent with this opinion.
 {¶ 2} In August of 2004, JNS filed a complaint against Sheila G. Sturgell, individually, and as Executrix. The complaint alleged that Sturgell and her deceased husband contracted with JNS dba Allyn Title Agency to perform title searches. JNS further asserted that it served the Executrix with notice of its claim under R.C. 2117.06.
 {¶ 3} The Executrix and Sturgell subsequently filed a motion to dismiss.[2] First, they argued that the complaint was not brought in the name of the real party in interest, because JNS Enterprises, Inc. does not conduct business as Allyn Title Agency. Second, they contended that JNS did not file the complaint within two months of the Executrix's rejection, as R.C. 2117.12 requires. To support their arguments, they submitted affidavits and documentary evidence.
 {¶ 4} JNS responded and requested leave to file an amended complaint naming the real party in interest. JNS claimed that it originally filed a timely complaint February 13, 2004, which the court subsequently dismissed without prejudice on August 20, 2004. JNS asserted that the current complaint related back to the February filing.
 {¶ 5} On December 3, 2004, the trial court granted JNS's motion to amend the complaint and then granted the Executrix's motion to dismiss. The court found that (1) Allyn Title Agency, Inc. is a defunct corporation which was voluntarily dissolved; (2) the Executrix received a claim "on behalf of Allyn Title Agency, Inc." on December 10, 2003, and rejected it; and (3) JNS Hale Enterprises, Inc., the real party in interest, has never served a claim upon the Executrix.
 {¶ 6} JNS timely appealed the trial court's judgment and assigns the following error:
The trial court erred in granting appellee's motion for dismissal of Sheila Gay Sturgell, Executrix of the Estate of John W. Sturgell.
 {¶ 7} We review a trial court's decision regarding a motion to dismiss independently and without deference. See Roll v. Edwards,156 Ohio App.3d 227, 235, 2004-Ohio-767, 805 N.E.2d 162; Noe v.Smith (2000), 143 Ohio App.3d 215, 218, 757 N.E.2d 1164. "A motion to dismiss for failure to state claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel.Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548,605 N.E.2d 378. A trial court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. CommunityTenants Union (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
 {¶ 8} In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614, 617,662 N.E.2d 1098, 1100. The trial court may not rely upon any materials or evidence outside the complaint in considering a motion to dismiss. SeeState ex rel. Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207,680 N.E.2d 985. If a motion to dismiss or opposing memoranda refers to or depends on matters outside the pleadings, the court must convert the motion to dismiss into a Civ.R. 56(C) summary judgment motion or deny the motion to dismiss. See Civ.R. 12(B); State ex rel. The V. Cos. v.Marshall (1998), 81 Ohio St.3d 467, 470, 692 N.E.2d 198; Petrey v. Simon
(1983), 4 Ohio St.3d 154, 156, 447 N.E.2d 1285. If the court converts the motion to dismiss to a motion for summary judgment, the court must give the parties notice and a reasonable opportunity to present all of the available evidence that Civ.R. 56(C) permits. Civ.R. 12(B). As the court aptly explained in Powell v. Vorys, Sater, Seymour Pease (1998),131 Ohio App.3d 681, 684-685, 723 N.E.2d 596:
When a motion to dismiss presents matters outside the pleadings, the trial court may either exclude the extraneous matter from its consideration or treat the motion as one for summary judgment and dispose of it pursuant to Civ.R. 56. However, a trial court may not, on its own motion, convert a Civ.R. 12(B)(6) motion to dismiss to a motion for summary judgment and thus dispose of it without giving notice to the parties of its intent to do so and fully complying with Civ.R. 12(B) and Civ.R. 56 in its considerations. Civ.R. 12(B); State ex rel. Baran v.Fuerst (1990), 55 Ohio St.3d 94, 97, 563 N.E.2d 713, 716. * * * * Failure to notify the parties that the court is converting a Civ.R. 12(B)(6) motion to dismiss into one for summary judgment is, itself, reversible error. State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.
(1995), 72 Ohio St.3d 94, 96, 647 N.E.2d 788, 791.
 {¶ 9} In this case, we cannot uphold the trial court's judgment as either a valid Civ.R. 12(B)(6) dismissal or Civ.R. 56(C) summary judgment. To reach its decision, the court necessarily relied upon the documentary evidence the parties attached to their memoranda. The court did not confine itself to the allegations of JNS's complaint. Moreover, the court did not notify the parties that it would convert the motion into a Civ.R. 56(C) motion. Because the court's judgment fails to comply with either Civ.R. 12(B)(6) or Civ.R. 56(C), we must reverse it.
Judgment reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[2] Although the Executrix did not cite any civil rule as authority for her motion to dismiss, we construe it as a Civ.R. 12(B)(6) motion. She basically argued that the complaint fails to state a claim because JNS did not timely file it.