[Cite as *Gore v. Mohamod*, 2022-Ohio-2227.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anita Gore, | : | |
| Plaintiff-Appellant, | : | No. 21AP-526 |
| | | (C.P.C. No. 20CV-6436) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Isak Mohamod et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 28, 2022

**On brief**: *Benson & Sesser, LLC, Mark D. Tolles, II*, and *Michael L. Benson*, for appellant. **Argued**: *Mark D. Tolles, II*.

**On brief**: *Hahn Loeser & Parks LLP, A.J. Hansel*, and *Masallay N. Komrabai-Kanu*, for appellee Isak Mohamod. **Argued**: *Masallay N. Komrabai-Kanu*.

**On brief**: *Kegler Brown Hill + Ritter Co., L.P.A., Jason H. Beehler*, and *Saša Trivunić*, for appellees Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC, and Rasier-DC, LLC.

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Plaintiff-appellant Anita Gore filed a complaint making allegations that she had been injured on a date that fell outside the applicable statute of limitations period. When certain defendants moved to dismiss her claims on that basis, she moved to convert their motion into one for summary judgment, but did not otherwise oppose the motion to dismiss. Nor did she move to amend her complaint to reflect the assertion in her conversion motion that defendants had lulled her into believing that she could sue when

she did without triggering an untimeliness defense. After the trial court eventually denied her motion to convert the defense motion into something other than what it was, and granted the motion to dismiss, the remaining defendant moved for judgment on the pleadings on the same limitations ground. Ms. Gore did not respond to that motion, and the trial court in due course granted it, too. She now appeals from the trial court's denial of her motion to convert and from the defense judgments. Constrained by the record with which we are presented, we will affirm the judgment of the trial court.

{¶ 2} Ms. Gore filed her complaint on September 30, 2020 against Uber driver Isak Mohamod, various corporate defendants including Uber Technologies, Inc., and five unknown "Doe" defendants. She alleged in the complaint that a little over two years earlier, "[o]n or about September 12, 2018," she had summoned a ride from defendants. Complaint at ¶ 11. Again "[o]n or about September 12, 2018," Mr. Mohamod responded to that request by arriving in his car. *Id*. at ¶ 14. Still "[o]n or about September 12, 2018," Mr. Mohamod transported her to her destination. *Id*. at ¶ 17. When she had stepped out of the vehicle, her complaint recited, Ms. Gore reached back inside to retrieve some belongings. *Id*. at ¶ 19. As she was doing so, according to the complaint, Mr. Mohamod "closed the side door" (perhaps electronically?), catching her clothing, and drove away; she was "dragged by the side of the motor vehicle * * * until her clothing broke." *Id*. at ¶ 20, 23. The complaint alleged that she suffered substantial injury "[a]s a * * * result of the negligence, recklessness, and/or actual malice of" Mr. Mohamod and/or the Doe defendants, *id*. at ¶ 30, and made claims sounding in negligence, "negligence per se," and breach of contract against all defendants, along with claims of "respondeat superior" and "negligent entrustment" against the corporate and Doe defendants.

{¶ 3} Ms. Gore served her complaint on the corporate defendants (together, "the Uber Defendants"), and they moved to dismiss the action against them pursuant to Civil Rule 12(B)(6) for failure to state a claim upon which relief can be granted. November 23, 2020 Motion to Dismiss. Looking only to the allegations of the complaint in light of Ohio statute, their motion argued that the suit was time-barred by the R.C. 2305.10 two-year limitations period on most claims for bodily injury. *Id*.

{¶ 4} Ms. Gore responded to the motion to dismiss only by moving to convert it to a motion for summary judgment. December 28, 2020 Motion to Convert. "While it is true

that the underlying incident occurred on September 12, 2018 and that Plaintiff did not file her Complaint until September 30, 2020," Ms. Gore's counsel wrote, "there are facts outside the pleadings that govern * * *. Specifically, there is evidence that the Uber Defendants, by and through their agents and representatives, repeatedly indicated to Plaintiff that the statute of limitations for her claims did not expire until October 1, 2020. Plaintiff relied, in good faith, upon [those] representations/misrepresentations made by the Uber Defendants * * *." *Id.* at 1-2. Ms. Gore wished to argue a theory of equitable estoppel to overcome the motion to dismiss, her motion explained, and she asked that the trial court "provide the Uber Defendants with an opportunity [sic] to supplement their Motion [as redesignated one for summary judgment] with any additional [sic] evidence provide [sic] for by Civ.R. 56, and then provide Plaintiff with an opportunity to fully respond * * *." *Id.* at 3.

{¶ 5} The Uber Defendants opposed Ms. Gore's motion to convert. January 8, 2021 Memo Opp. Nothing further was filed in connection with the Uber Defendants' motion to dismiss or Ms. Gore's motion to convert its character until the trial court denied the latter and granted the former in its Journal Entry of April 20, 2021 (some five months after the motion to dismiss had been filed).

{¶ 6} The trial court explained that Civil Rule 12(B) provides for a motion to dismiss to be converted into a motion for summary judgment and therefore handled pursuant to Civil Rule 56 when it presents matters outside the complaint. April 20, 2021 Journal Entry at 2-3, citing *Brisk v. Draf Industries*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10. Because the Uber Defendants' motion to dismiss had not relied on matters outside the complaint, but rather was based on "the face of the complaint," the trial court denied the motion to convert it to a motion for summary judgment. *Id.* at 3.

{¶ 7} Taking the allegations in the complaint as true, with all reasonable inferences drawn in favor of Ms. Gore, the trial court granted the Uber Defendants' motion to dismiss. *Id.* at 3-4. Here, just as in *Brisk*, the trial court noted, the statute of limitations bar "was apparent on the face of the complaint." *Id.* at 3. And while the complaint reflected the limitations problem, it contained " 'no allegations that, if proved, would establish that the [defendant] did anything that was designed to prevent [plaintiff] from filing suit.' " *Id.* at 4, quoting *Doe v. Archdiocese of Cincinnati*, 116 Ohio St.3d 538, 2008-Ohio-67, ¶ 8 (and

concluding, therefore, that "[b]ecause such allegation was not in the complaint, equitable estoppel does not apply"; also noting that the "statute of limitations for this case fell outside of the applicable periods" for pandemic-related tolling). The trial court further advised Ms. Gore that failure to accomplish service on Mr. Mohamod would result in his dismissal as well. *Id.* at 5.

{¶ 8} Ms. Gore then did achieve service on Mr. Mohamod, but still did nothing to amend her complaint as to him. After Mr. Mohamod filed his answer, he filed a motion for judgment on the pleadings based on the statute of limitations in conjunction with the language of the complaint, and to stay discovery. June 28, 2021 Mohamod Motion. Ms. Gore did not respond to that motion in any way. On September 16, 2021, just two weeks shy of one year from the day Ms. Gore filed her complaint, the trial court granted Mr. Mohamod's motion for judgment on the pleadings and entered judgment in favor of all defendants. September 16, 2021 Decision & Final Judgment at 2 (noting that "[c]onstruing all material allegations in the complaint as true, there are no allegations by the plaintiff that the two-year statute of limitations is not applicable or may somehow be extended").

{¶ 9} Appealing to us, Ms. Gore posits three assignments of error:

> [I.] The trial court abused its discretion in denying appellant's motion to convert Uber Appellants' [sic] Motion to Dismiss to a motion for summary judgment.
>
> [II.] The trial court erred as a matter of law in granting Uber Appellees' Motion to Dismiss in its April 20, 2021 Journal Entry.
>
> [III.] The trial court erred as a matter of law in granting Appellee, Isak Mohamod's, Motion for Judgment on the Pleadings in its September 16, 2021 Decision and Final Judgment.

Appellant's Brief at 8 (capitalizations adjusted).

{¶ 10} The first two assignments are interrelated (with Ms. Gore suggesting in effect that her motion to convert, with its reference to "equitable estoppel," served as a sufficient response to the motion to dismiss, *see* Appellant's Brief at 28-29), and we consider them together.

{¶ 11} We begin by noting that Ms. Gore does not dispute that her causes of action accrued more than two years before she filed suit; indeed, she underscored the September 12, 2018 date no fewer than three times in her September 30, 2020 complaint. Nor does she dispute that all her claims are of the type for which statute establishes a general two-year limitations period. *See* R.C. 2305.10(A) (reciting that with certain exceptions not applicable here, "an action for bodily injury * * * shall be brought within two years after * * * the injury or loss to person * * * occurs"). Rather, she hinges her appeal on the (correct) proposition that " '[e]quitable estoppel can preclude a defendant from asserting the bar of the statute of limitations.' " Appellant's Brief at 18, quoting *Welfley v. Vrandenburg*, 10th Dist. No. 95APE11-1409 (Mar. 29, 1996) 1996 WL 145467, * 9. Her problem, as the trial court observed, is that the allegations in her complaint afford her no basis on which to interpose equitable estoppel considerations.

{¶ 12} We review afresh the grant of a Civil Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See, e.g., Kelley v. Stauffer*, 10th Dist. No. 10AP-235, 2010-Ohio-4522, ¶ 8 (invoking de novo standard of review, citing *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362). Under that standard, an appellate court, like the trial court, is "required to 'accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party.' " *Brisk*, 2012-Ohio-1311, at ¶ 11 (citations omitted). The examination " 'tests the sufficiency of the complaint,' " examining whether " 'from the complaint' " it is beyond doubt that " 'plaintiff can prove no set of facts entitling her to relief.' " *Id.* at ¶ 9 (citations omitted).

{¶ 13} A proper Civil Rule 12(B)(6) motion, therefore, is based solely on the allegations of the complaint. "When a motion to dismiss for failure to state a claim * * * presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Civil Rule 12(B). The Uber Defendants here confined their motion to the allegations of the complaint itself. Although Ms. Gore's motion to convert quoted from Civil Rule 12(B), *see* Motion to Convert at 2-3, she concedes in her briefing to us that this portion of "Civ.R. 12(B) only deals with the situation in which a movant presents materials outside the pleadings in a motion to dismiss, which is not the situation in this case." Reply Brief at 14; *accord* April 20, 2021 Journal Entry at 2-3 (text of rule provides for conversion only

where dismissal motion itself presents matters outside of the complaint, and here motion to dismiss was based on "the face of the complaint").

{¶ 14} A Civil Rule 12(B)(6) motion to dismiss is in order where the allegations of the complaint itself, as viewed with all reasonable inferences drawn in favor of the non-moving plaintiff, reflect that the action is beyond the statute of limitations. "A party may assert a statute of limitations defense through a Civ.R. 12(B)(6) motion to dismiss if the defense is apparent in the complaint. *Charles v. Conrad*, 10th Dist. No. 05AP-410, 2005-Ohio-6106, ¶ 24; *Stuller v. Price*, 10th Dist. No. 02AP-[29], 2003-Ohio-583, ¶ 27." *Kelley*, 2010-Ohio-4522, at ¶ 9 (adding, "[h]ere, the statute of limitations defense is apparent on the face of appellants' complaint," and affirming dismissal); *see also, e.g., Brisk* at ¶ 12 (quoting *Kelley*); *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, ¶ 11 ("A motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred") (citations omitted); *Noe v. Smith*, 143 Ohio App.3d 215, 218 (4th Dist.2000) ("When it is obvious from the face of a complaint that the statutory period for filing a claim has expired, dismissal pursuant to Ohio R.Civ.R. 12(B)(6) is appropriate") (citations omitted).

{¶ 15} Ms. Gore lards her briefing to us with a variety of asserted facts involving what she contends here were representations made to her by an insurance company claims examiner. *See, e.g.*, Appellant's Brief at 14 (asserting that "Appellees had insurance coverage" through the company), *id.* at 15-16 (purporting to reproduce e-mail correspondence with that company), *id.* at 20-21 (arguing from those non-record materials); Reply Brief at 18 (raising new contentions about negotiations). These specifics were not provided to the trial court and therefore are nowhere in the record, so we do not consider them. *See, e.g., Braun v. Columbus*, 10th Dist. No. 07AP-496, 2007-Ohio-7148, ¶ 11 ("Appellate courts are confined to the record that was before the trial court. App.R. 12(A)(1)(b)") (further citation omitted). More fundamentally, they were not alleged in any fashion in the complaint, and it is the allegations in the complaint that are examined for purposes of a motion to dismiss for failure to state a claim. Civil Rule 12(B)(6); *see also, e.g., Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11 ("A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of the complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975)").

{¶ 16} Thus, where a statute of limitations problem is evident from the allegations in a complaint itself, the complaint in order to withstand a motion to dismiss must contain further allegations to suggest why the limitations bar does not apply. In *Kelley*, for example, which also involved the two-year statute of limitations on actions for bodily injury, we affirmed the trial court's rejection of an argument that rested on assertions not contained in the complaint that the statute of limitations had been tolled: "because appellants' unsupported beliefs about [a defendant's] absence from the state were not alleged in the complaint," the limitations period applied and the complaint was properly dismissed for failure to state a claim. 2010-Ohio-4522 at ¶ 4, 13-15 (noting that "appellant's complaint [itself] did not allege any facts that would support" tolling the limitations period). As the trial court noted, we reiterated the same principle in *Brisk*, 2012-Ohio-1311, at ¶ 25, and the Supreme Court of Ohio applied the same point directly to assertions of equitable estoppel in the 2008 *Doe* case: "equitable estoppel will benefit [a plaintiff] only if she has *pleaded* facts that, if proved, will demonstrate the efforts of the [defendant] to prevent her from filing a lawsuit. Only those facts are relevant to a resolution of this case." *Doe*, 2008-Ohio-67, at ¶ 8 (emphasis added; noting at ¶ 9 that "nothing in the complaint suggests that the Archdiocese prevented Doe from filing a lawsuit in a timely manner").

{¶ 17} Ms. Gore's briefing to us does not address those precedents. But she does cite, for example, to cases such as *Jude v. Franklin Cty.*, 10th Dist. No. 03AP-1053, 2004-Ohio-2528, ¶ 11, making the point that a statute of limitations defense "generally" is not appropriately raised in a Civil Rule 12(B)(6) motion because it "typically requires reference to materials outside the complaint." *See* Appellant's Brief at 28. But *Jude* confirms that "the expiration of the statute of limitations may be raised in a Civ.R. 12(B)(6) motion when it is apparent from the face of the complaint * * *." 2004-Ohio-2528 at ¶ 12. *Jude* further reminds us that "outside material" should not be used under a Civil Rule 12(B)(6) analysis "to complete the partial factual background included in the complaint." *Id*. *Jude* does not help Ms. Gore.

{¶ 18} Nor are we persuaded by Ms. Gore's protestations that "there is no way for a party like [her] to be able to raise an equitable estoppel defense/exception [to the statute of limitations] in a Complaint." Appellant's Brief at 29; *compare also* Reply Brief at 13-14 (arguing that she "could not have averred such facts in her Complaint, and it would have

been impossible for [her] to invoke an equitable defense in her Complaint based upon the subsequent conduct of the Appellees"). First, Ms. Gore *did* find it possible in her misbegotten conversion motion to assert that "there is [then-unspecified] evidence that the Uber Defendants, by and through their agents and representatives, repeatedly indicated to Plaintiff that the statute of limitations for her claims did not expire until October 1, 2020" and that she had relied on those representations. Motion to Convert at 1-2. Having seen fit to insert the date of her alleged injury into the complaint, she could have added those assertions as well. She did not do so.

{¶ 19} Second, and even more significantly, she did not move for leave to amend her complaint to add those assertions into the document (the sufficiency of which would be examined) in the five months or so after the Uber Defendants moved to dismiss on statute of limitations grounds and before the trial court ruled on that motion. After all, "[t]he court shall freely give leave [to amend] when justice so requires." Civil Rule 15(A). The Court of Appeals made precisely that point in *Noe*: "When such a defect [that otherwise would trigger the statute of limitations] presents itself in a complaint, the plaintiff may avoid dismissal by amending the complaint to include factual allegations that, if true, would prevent operation of the statute of limitations. A trial court should freely grant leave to amend a complaint when justice so requires." 143 Ohio App.3d at 218 (citations omitted) (explaining that the plaintiff there had failed to allege facts to support tolling based on defendant's absence from state). "[The plaintiff] never sought to amend her complaint to include * * * an allegation [to support a tolling argument]. On the face of Noe's complaint, it is obvious that she did not bring her complaint within two years following the alleged injury. * * * Because a trial court is confined to the facts alleged in the complaint when faced with a Civ.R. 12(B)(6) motion to dismiss, and because it appears beyond a doubt from the face of the complaint that Noe can prove no set of facts that would entitle her to relief, we find that the trial court did not err in dismissing Noe's complaint," that appellate court ruled. *Id.* So too, here.

{¶ 20} Ms. Gore has cited to no authority beyond Civil Rule 12(B) as a proper basis for her motion to convert the Uber Defendants' motion to dismiss (as based solely on the facts alleged in the complaint when juxtaposed with Ohio law) into a motion for summary judgment. And she has conceded that the conversion provision of Civil Rule 12(B) relates

only to a "situation in which a movant presents materials outside the pleadings in a motion to dismiss, which is not the situation in this case." Reply Brief at 14. She argues (in her Reply Brief, for the first time) that Ohio Adm.Code Ohio Administrative Code 3901-1-54 has some relevance to this case, *see* Reply Brief at 19, but that regulation from the Department of Insurance as designed for claims "arising under insurance contracts or certificates," Ohio Adm.Code 3901-1-54(A), is inapposite to this action (which arises under claims of negligence and the like, not under an insurance contract). The trial court did not err in considering the motion to dismiss as a motion to dismiss. And it did not err in granting that motion. We overrule Ms. Gore's first and second assignments of error.

{¶ 21} Ms. Gore's third assignment of error contests the trial court's grant of Mr. Mohamod's motion for judgment on the pleadings as based on the statute of limitations. Ms. Gore did not file anything with regard to that motion. Her motion to convert (which argued that "the Uber Defendants [defined there as *not* including Mr. Mohamod] * * * indicated to Plaintiff that the statute of limitations for her claims did not expire until October 1, 2020," Motion to Convert at 1-2) was limited to the motion filed by the Uber Defendants and was decided before Mr. Mohamod even had been served with the complaint. Ms. Gore filed no opposition to Mr. Mohamod's motion for judgment on the pleadings: Her third assignment of error fails for that reason alone. *See, e.g., Betz v. Penske Truck Leasing Co., L.P.*, 10th Dist. No. 11AP-982, 2012-Ohio-3472, ¶ 34 (appellate court should "limit its review of the case to the arguments contained in the record before the trial court").

{¶ 22} In any event, even had Ms. Gore not waived her arguments as to Mr. Mohamod, her third assignment of error would fail for at least the same reasons that we have overruled her first and second assignments. A motion for judgment on the pleadings is decided by a trial court under the same standards that control a motion to dismiss for failure to state a claim, and we again review a grant of such a motion afresh. *See, e.g., Regulic v. Columbus*, 10th Dist. No. 21AP-268, 2022-Ohio-1034, ¶ 17 (that is so "because a motion for judgment on the pleadings and a motion to dismiss for failure to state a claim each turns on whether a complaint fails on its face as a matter of law"); *see also id.* at ¶ 18 (reiterating that a " 'motion for judgment on the pleadings is essentially a motion to dismiss for failure to state a claim after an answer has been filed' ") (citations omitted). Even in the

five months after the trial court had dismissed her claims against the Uber Defendants, Ms. Gore made no attempt to amend her complaint as against Mr. Mohamod, either as of right or by leave of court. The same statute of limitations defect was apparent on the face of her complaint against him as it was with regard to the other defendants. We overrule Ms. Gore's third assignment of error.

{¶ 23} Having overruled all three of Ms. Gore's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and JAMISON, J., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____