[Cite as *Rascon v. Ohio Dept. of Commerce*, 2026-Ohio-276.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Amador Esdreel Estrada Rascon, | : | No. 25AP-504 |
| Plaintiff-Appellant, | : | (Ct. of Cl. No. 2025-00248JD) |
| v. | : | (REGULAR CALENDAR) |
| Ohio Department of Commerce, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on January 29, 2026

**On brief:** *Littlejohn Law, LLC*, and *Edward L. Littlejohn, Jr.*, for appellant. **Argued:** *Edward L. Littlejohn, Jr.*

**On brief:** *Dave Yost*, Attorney General, *Camryn E. Hughes*, *Daniel J. Benoit*, and *Duffy Jamieson*, for appellee. **Argued:** *Camryn E. Hughes.*

APPEAL from the Court of Claims of Ohio

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Amador Esdreel Estrada Rascon, appeals from the May 23, 2025 judgment of the Court of Claims of Ohio dismissing his complaint against defendant-appellee, Ohio Department of Commerce ("department"), pursuant to Civ.R. 12(B)(6). For the foregoing reasons, we affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On March 10, 2025, Mr. Rascon filed a complaint in the court of claims against the department alleging negligence, breach of fiduciary duty, and conversion regarding unclaimed funds paid to a third party by the department. The complaint alleged that Mr. Rascon was the "sole and universal heir" of Jorge Carlos Quijada Medina, who passed away on February 15, 2015, leaving behind three bank accounts with a combined

balance of $171,167.51 ("funds").  (Mar. 10, 2025 Compl. at ¶ 6, 8-10.)  According to the complaint, these funds were subsequently released to the department's Division of Unclaimed Funds ("unclaimed funds division").  (Compl. at ¶ 10.)

{¶ 3}  As pled in the complaint, Mr. Rascon contacted the department in February 2021 to inquire about these funds.  (Compl. at ¶ 11.)  However, in November 2021, Mr. Rascon was informed by a representative of the unclaimed funds division that the funds had already been paid out to a third party on August 11, 2021.  (Compl. at ¶ 13-17.)  The complaint filed in the court of claims on March 10, 2025 alleged that, in releasing the funds left behind by Mr. Medina to someone other than Mr. Rascon, the department's unclaimed funds division acted negligently, breached a fiduciary duty owed to Mr. Rascon, and improperly converted said funds.

{¶ 4}  On April 8, 2025, the department moved to dismiss the complaint under Civ.R. 12(B)(6), arguing the complaint conclusively shows on its face that all of Mr. Rascon's claims are barred by the applicable two-year statute of limitations.  In opposing that motion, Mr. Rascon asserted several exceptions to the department's statute-of-limitations defense, as discussed more below.

{¶ 5}  On May 23, 2025, the court of claims issued an entry granting the department's motion to dismiss.  Mr. Rascon timely appealed from that judgment and now asserts the following two assignments of error for our review:

> [I.] WHETHER THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT BASED ON THE STATUTE OF LIMITATIONS WITHOUT PROPERLY APPLYING THE DISCOVERY RULE.
>
> [II.] WHETHER THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT WITHOUT APPLYING THE DOCTRINE OF EQUITABLE TOLLING.

## II. ANALYSIS

{¶ 6}  A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is a procedural test of a civil complaint's sufficiency.  *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 13 (10th Dist.), quoting *Morrow v. Reminger & Reminger Co. LPA*, 2009-Ohio-2665, ¶ 7 (10th Dist.).  Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set

of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.). In determining whether dismissal is appropriate, the trial court "must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff." *Id.* Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Bullard* at ¶ 11. When deciding a Civ.R. 12(B)(6) motion, a court may not consider factual allegations or evidence outside of the complaint. *See, e.g., State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 26.

{¶ 7} We review a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 12, citing *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5. Our review is limited to the allegations contained in the complaint. *See, e.g., Schmitz v. NCAA*, 2018-Ohio-4391, ¶ 10, citing *Loveland Edn. Assn. v. Loveland City School Dist. Bd. of Edn.*, 58 Ohio St.2d 31, 32 (1979).

{¶ 8} A defendant may only assert a statute-of-limitations defense through a Civ.R. 12(B)(6) motion—and a court may only grant such a motion—when the defense is apparent from the face of the complaint. *Gore v. Mohamod*, 2022-Ohio-2227, ¶ 14 (10th Dist.); *Singleton v. Adjutant Gen. of Ohio*, 2003-Ohio-1838, ¶ 18 (10th Dist.). To conclusively establish the statute-of-limitations defense, the complaint must show (1) the relevant statute of limitations and (2) the absence of factors that would toll the statute of limitations or make it inapplicable. *Stafford v. Columbus Bonding Ctr.*, 2008-Ohio-3948, ¶ 23 (10th Dist.); *Singleton* at ¶ 19. A trial court properly grants a Civ.R. 12(B)(6) motion to dismiss based on a facially apparent statute-of-limitations defense where the complaint contains no allegations supporting an exception to the defense. *See, e.g., Strother v. Columbus*, 2022-Ohio-4097, ¶ 18 (10th Dist.).

{¶ 9} "Application of a statute of limitations presents a mixed question of law and fact; when a cause of action accrues is a question of fact, but in the absence of a factual issue, application of the limitations period is a question of law." *Schmitz* at ¶ 11, citing *Wells v. C.J. Mahan Constr. Co.*, 2006-Ohio-1831, ¶ 25 (10th Dist.), citing *Cyrus v. Henes*, 89 Ohio App.3d 172, 175 (9th Dist. 1993), *rev'd on other grounds*, 70 Ohio St.3d 640 (1994).

{¶ 10} The substance of a claim determines the appropriate statute of limitations. *Hunter v. Shenango Furnace Co.*, 38 Ohio St.3d 235, 237 (1988). Here, Mr. Rascon's theory of liability against the department is based on his contention that the department's unclaimed funds division improperly released the unclaimed funds at issue to someone other than himself on August 11, 2021. Mr. Rascon also alleged in his complaint that he learned of the disbursement of these funds on November 24, 2021. (Compl. at ¶ 13-17.) Pursuant to R.C. 2743.16(A), "civil actions against the state . . . shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." *See, e.g., Johnson v. Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-2155, ¶ 8 (10th Dist.); *Marok v. Ohio State Univ.*, 2014-Ohio-1184, ¶ 19 (10th Dist.).

{¶ 11} Generally, "a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed." *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). On the face of the complaint, we find the wrongful disbursement action accrued no later than November 24, 2021, when Mr. Rascon learned that the department's unclaimed funds division paid the funds at issue to someone else in August 2021. As such, Mr. Rascon was obligated to initiate all claims against the department by November 24, 2023 to comply with the applicable two-year statute of limitations. However, Mr. Rascon initiated this action against the department in March 2025, over a year after the statute-of-limitations period expired.

{¶ 12} " '[W]hen a complaint on its face is barred by a statute of limitation, [ ] it is the duty of the pleader to assert exceptions to the statute' ***in the complaint***." (Emphasis added.) *Strother*, 2022-Ohio-4097, at ¶ 17 (10th Dist.), quoting *Peterson v. Teodosio*, 34 Ohio St.2d 161, 174 (1973). In other words, "where a statute of limitations problem is evident from the allegations in a complaint itself, the complaint in order to withstand a motion to dismiss must contain further allegations to suggest why the limitations bar does not apply." *Gore*, 2022-Ohio-2227, at ¶ 16 (10th Dist.). *See also Strother* at ¶ 17; *Vogel v. Huron Cty. Commrs.*, 1993 Ohio App. LEXIS 2889, *5 (6th Dist. June 11, 1993) ("[W]here the complaint establishes a prima facie statute[-]of[-]limitations defense, then the plaintiff must bear the additional burden of pleading facts establishing an exception to the

defense."). Dismissal is appropriate where a plaintiff fails to meet this burden. *See Strother* at ¶ 18-23.

{¶ 13} To avoid operation of the statute-of-limitations defense, Mr. Rascon asserts on appeal two exceptions that would toll the statute of limitations or make it inapplicable: the discovery rule (first assignment of error) and equitable tolling (second assignment of error). In support, he alleges facts that were not pled in his complaint. For instance, Mr. Rascon contends his counsel "maintained regular contact" with the department between 2022 and 2024 "in hopes of resolving the matter." (Appellant's Am. Brief at 6.) Among other things, Mr. Rascon alleges that an unidentified department official "stated in writing" that the department is " 'still looking into whether the funds were misallocated' " and "induced" him "to believe that administrative resolution was possible." (Appellant's Am. Brief at 6.) Mr. Rascon postures that only after the department "ceased all communication" in December 2024 did he "reasonably conclude[] that his efforts had been exhausted and litigation was necessary." (Appellant's Am. Brief at 5-7.)

{¶ 14} Relying on this series of events, Mr. Rascon contends that the discovery rule, and/or the doctrine of equitable tolling should be applied to render the claims alleged in his March 10, 2025 complaint timely filed in the court of claims. Notably, however, Mr. Rascon did not plead any of these facts in his complaint. Nor did he attach any of his alleged correspondence with the department as exhibits to his complaint.

{¶ 15} In considering a motion to dismiss under Civ.R. 12(B)(6), it is axiomatic that a trial court may not rely on allegations or evidence outside the complaint. *McBroom v. Gertmenian*, 2018-Ohio-3884, ¶ 12 (10th Dist.); *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). "The trial court may only consider the complaint itself and any written instruments attached thereto by the plaintiff." *McBroom* at ¶ 12, citing *Cline v. Mtge. Electronic Registration Sys., Inc.*, 2013-Ohio-5706, ¶ 9 (10th Dist.); *Brisk v. Draf Industries, Inc.*, 2012-Ohio-1311, ¶ 10 (10th Dist.); and *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 16} Here, the trial court expressly declined to consider all factual evidence introduced by Mr. Rascon in his memorandum opposing the department's motion to dismiss that was not contained within his complaint. (May 23, 2025 Entry of Dismissal at 4.) We likewise decline to consider any factual allegations not alleged in the complaint in

evaluating the propriety of the trial court's decision granting the department's motion to dismiss under Civ.R. 12(B)(6).  For the following reasons, we find Mr. Rascon's arguments unavailing.

### A.  First Assignment of Error: Discovery Rule

{¶ 17}  In his first assignment of error, Mr. Rascon argues the trial court erred in dismissing his complaint without properly applying the discovery-rule exception to the department's statute-of-limitations defense.  As noted above, Mr. Rascon alleged he learned in November 2021 that the department had distributed the funds to which he claimed he was entitled to another person in August 2021.

{¶ 18}  Under the discovery rule, " 'a cause of action does not arise until the plaintiff discovers, ***or by the exercise of reasonable diligence should have discovered***, that he or she was injured by the wrongful conduct of the defendant.' " (Emphasis added.) *Weidman v. Hildebrant*, 2024-Ohio-2931, ¶ 14, quoting *Norgard v. Brush Wellman, Inc.*, 2002-Ohio-2007, ¶ 8, citing *Collins*, 81 Ohio St.3d at 507, citing *O'Stricker v. Jim Walter Corp.*, 4 Ohio St.3d 84 (1983).  This is because " 'the application of the general rule "would lead to the unconscionable result that the injured party's right to recovery can be barred by the statute of limitations before he is even aware of its existence." ' " *Weidman* at ¶ 14, quoting *O'Stricker* at 87, quoting *Wyler v. Tripi*, 25 Ohio St.2d 164, 168 (1971).  "The discovery rule allows those who are injured adequate time to seek relief on the merits without undue prejudice to defendants." *Id.* at ¶ 14, citing *Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111, 114 (1983).  At the same time, "the discovery rule (concept) must be specially tailored to the particular context in which it is to be applied." *Browning v. Burt*, 66 Ohio St.3d 544, 559 (1993).

{¶ 19}  In this case, Mr. Rascon concedes the discovery rule does not apply to his claims against the department for negligence and breach of fiduciary duty.  (Appellant's Reply Brief at 5.)  Instead, he focuses his argument on the conversion claim.  In general, the discovery rule can toll the statute of limitations for claims of common law conversion under R.C. 2305.09. *See, e.g.*, *Cain v. Panitch*, 2018-Ohio-1595, ¶ 43 (10th Dist.), quoting *Mattlin Holdings LLC v. First City Bank*, 2010-Ohio-3700, ¶ 8 (10th Dist.).  However, Mr. Rascon, himself, acknowledges that his "conversion claim accrued, at the earliest, when he learned that the funds were wrongfully paid out." (Appellant's Reply Brief at 6.)  Assuming that is

true, Mr. Rascon alleged in his complaint that on November 24, 2021, he learned "the funds had already been paid out" to a third party in August 2021. (*See* Compl. at ¶ 13, 38-40.) This conduct forms the factual basis for Mr. Rascon's conversion claim. (Compl. at ¶ 38-40.) It follows, then, that, at best, the statute of limitations for the conversion claim was tolled by the discovery rule until November 24, 2021, when Mr. Rascon claimed he first discovered the funds were paid out to another individual by the department. (*See* Compl. at ¶ 13, 38-40.)

{¶ 20} The fact that litigation was not initiated until March 10, 2025—over three years after Mr. Rascon's discovery of the alleged conversion—is not open to debate. And, on review of the complaint filed in this case, we find Mr. Rascon failed to allege facts demonstrating the discovery rule should apply after November 24, 2021. For these reasons, we find Mr. Rascon failed to meet his burden of pleading facts establishing the discovery rule as an exception to the department's statute-of-limitations defense. *See, e.g.*, *Gore*, 2022-Ohio-2227, at ¶ 16 (10th Dist.). Accordingly, we overrule Mr. Rascon's first assignment of error.

### B. Second Assignment of Error: Equitable Tolling

{¶ 21} In his second assignment of error, Mr. Rascon contends the department's reliance on the statute of limitations is defeated by the doctrine of equitable tolling.[1]

{¶ 22} The doctrine of equitable tolling is to be applied sparingly and in only exceptional circumstances. *Stevens v. Ohio Dept. of Mental Health*, 2013-Ohio-3014, ¶ 19 (10th Dist.), citing *Moore v. Dept. of Rehab. & Corr.*, 2011-Ohio-1607, ¶ 21 (10th Dist.). " 'Equitable tolling is available only in compelling cases which justify a departure from established procedure.' " *Coleman v. Columbus State Community College*, 2015-Ohio-

---

[1] In his reply brief addressing his second assignment of error, Mr. Rascon argues, for the first time, that the department's reliance on the statute of limitations is also defeated by the doctrine of **equitable estoppel**. (Appellant's Reply Brief at 6-7.) To invoke equitable estoppel, a plaintiff must show that the defendant made a factual misrepresentation that was misleading, induced reasonable and good-faith reliance, and caused the plaintiff to suffer detriment. *See, e.g.*, *Engler v. Adjutant Gen. of Ohio*, 2018-Ohio-2273, ¶ 9 (10th Dist.). We note that Mr. Rascon did not argue for application of the doctrine of equitable estoppel in the trial court. (*See* Apr. 21, 2025 Brief in Opp. to Mot. to Dismiss.) Expectedly, then, Mr. Rascon did not allege the trial court's failure to apply the doctrine of equitable estoppel as an assignment of error in his opening brief in this appeal. It is well-established that appellate courts will generally not address an argument of error raised for the first time in a reply brief. *See, e.g.*, *Cardinal Health 108, LLC v. Columbia Asthma & Allergy Clinic, LLC*, 2022-Ohio-2018, ¶ 17 (10th Dist.); App.R. 12(A)(1)(b); App.R. 12(A)(2); App.R. 16(A)(3). As such, we will not address this contention further.

4685, ¶ 16 (10th Dist.), quoting *Sharp v. Ohio Civ. Rights Comm.*, 2005-Ohio-1119, ¶ 11 (7th Dist.). A litigant seeking equitable tolling must demonstrate he diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action. *See, e.g., In re Regency Village Certificate of Need Application*, 2011-Ohio-5059, ¶ 37 (10th Dist.), citing *Holland v. Florida*, 560 U.S. 631, 647-51 (2010), and *Byers v. Robinson*, 2008-Ohio-4833, ¶ 52 (10th Dist.).

{¶ 23} Here, Mr. Rascon contends that the trial court erred in failing to apply the doctrine of equitable tolling to extend the two-year statute of limitations of all of his claims. This is because, Mr. Rascon argues, his counsel was allegedly in contact with the department from 2021 through 2024 about these funds, during which time, he claims, the department indicated it was " 'still investigating the matter.' " (Appellant's Am. Brief at 14-15.) However, as already explained above and observed by the trial court below, the unsubstantiated factual allegations Mr. Rascon makes to support his claim that the doctrine of equitable tolling should apply to extend the statute of limitations ***were not plead*** in his March 10, 2025 complaint. (*See* May 23, 2025 Entry of Dismissal at 4.)

{¶ 24} Had these facts been actually plead, we would consider them to determine if they constituted the extraordinary circumstances equitable tolling warrants. However, as alleged in the complaint, Mr. Rascon was aware of his potential claim against the department by November 2021. (*See* Compl. at ¶ 13.) Mr. Rascon generally cites to his "good faith efforts to resolve the issue administratively," "his substantial compliance with procedural prerequisites," and his purported belief "that he was pursuing appropriate channels" in support of his contention that the equitable tolling doctrine should apply. (*See* Appellant's Am. Brief at 13-15.) But, fatally, he does not specifically allege that any statutory or administrative regulation ***actually*** prevented him from initiating a civil action against the department on or before November 24, 2023. Furthermore, while fraudulent concealment may be used as a ground for raising equitable tolling, no such allegations were made in the complaint. *See, e.g. Ignash v. First Serv. Fed. Credit Union*, 2002-Ohio-4395, ¶ 12 (10th Dist.)*; Sharp*, 2005-Ohio-1119, at ¶ 10-11 (7th Dist.).

{¶ 25} Under the facts and circumstances presented in this case, there is no basis for us to conclude that any law or administrative rule impeded Mr. Rascon's ability to timely commence his action against the department, even if he was engaged in "good faith efforts

to resolve the issue administratively." (Appellant's Am. Brief at 14.) Again, Mr. Rascon did not plead facts in his complaint describing, in any appreciable detail, the efforts he or his counsel made to investigate and pursue his claims against the department for negligence, breach of fiduciary duty, and/or conversion in the more than three years after they first learned that the funds at issue had been remitted to someone else. Mr. Rascon also did not attach to his complaint copies of any correspondence he alleges to have had with the department evincing diligent pursuit of his rights. As such, we find no basis to conclude, given the facts alleged in his complaint, that, after learning of the department's payment of the funds to a third party in November 2021, Mr. Rascon diligently pursued his rights but was prevented from timely filing his complaint due to extraordinary circumstances so as to warrant equitable tolling. For these reasons, we overrule Mr. Rascon's second assignment of error.

## III. CONCLUSION

{¶ 26} Based on the foregoing, we conclude the court of claims did not err in finding Mr. Rascon's claims were barred by the statute of limitations and granting the department's motion to dismiss pursuant to Civ.R. 12(B)(6). Having overruled both of Mr. Rascon's two assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and LELAND, JJ., concur.

————————————