[Cite as *Engler v. Adjutant Gen.*, 2018-Ohio-2273.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas L. Engler, | : | |
| Plaintiff-Appellant, | : | No. 17AP-814 |
| | | (Ct. of Cl. No. 2017-00610) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Adjutant General of Ohio, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 12, 2018

**On brief:** *Vesper C. Williams, II*, for appellant. **Argued:**
*Vesper C. Williams, II.*

**On brief:** *Michael DeWine,* Attorney General, *Peter E.
DeMarco,* and *Timothy M. Miller*, for appellee. **Argued:**
*Timothy M. Miller.*

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Thomas L. Engler, appeals from a judgment of the Court of Claims of Ohio dismissing his complaint against defendant-appellee, Adjutant General of Ohio ("Adjutant General"). For the following reasons, we affirm.

I. Facts and Procedural History

{¶ 2} In July 2017, Engler filed suit against the Adjutant General alleging claims for breach of contract and violation of 10 U.S.C. 1176. These claims arose from the cessation of Engler's military service with the Ohio Army National Guard. Engler's complaint alleges that he was wrongfully separated from military service in 2004, and that, as a result, he is not eligible for military retirement benefits. The complaint alleges that Engler has 18 years, 7 months, and 23 days of military service, but that he needs 20 years of military service to

be eligible for military retirement benefits. Thus, Engler contends that the wrongful termination of his military service before he obtained 20 years of service precludes his eligibility for military retirement benefits. In August 2017, the Adjutant General moved to dismiss the action. In October 2017, the Court of Claims dismissed Engler's complaint based on its finding that his claims are barred by the applicable statute of limitations.

{¶ 3} Engler timely appeals.

## II. Assignment of Error

{¶ 4} Engler assigns the following error for our review:

> Appellant states that the Court of Claims abused its discretion by applying the statute of limitations set out in R.C. 2743 which states in part "...civil actions against the state...shall be commenced no later than two years after the date of accrual of the cause of action..." for breach of his enlistment contract AND violation of 10 U.S.C. 1176 regarding his discharge and his service credits to make him eligible for his retirement all stated in the ENTRY OF DISMISSAL appealed in the second and fourth paragraphs on page numbered -2-.

(Sic passim.)

## III. Discussion

{¶ 5} In his sole assignment of error, Engler alleges the Court of Claims erred in dismissing his claims based on its finding that they are time-barred pursuant to the applicable statute of limitations. This assignment of error lacks merit.

{¶ 6} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.). A motion to dismiss based on the application of a statute of limitations may be granted when the complaint

shows conclusively on its face that the action is time-barred. *See Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus. Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 7} The statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides in pertinent part: "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." Thus, the "longest limitations period applicable to actions in the Court of Claims is two years." *Cargile v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 12.[1] Despite the plain language of R.C. 2743.16(A), Engler argues that the 15-year statute of limitations set forth in former R.C. 2305.06 regarding written contracts applies here.[2] However, this court in *Cargile* specifically rejected the contention that the 15-year statute of limitations set forth in former R.C. 2305.06 may be applied to actions in the Court of Claims. *Id.* at ¶ 11.[3] Thus, R.C. 2743.16(A) applies here.

{¶ 8} Engler suggests that his claims have accrued recently because he is currently unable to qualify for military retirement benefits. We disagree. "Under Ohio law, the general rule is that 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.' " *Marok v. Ohio State Univ.*, 10th Dist. No. 13AP-12, 2014-Ohio-1184, ¶ 25, quoting *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). Engler does not allege that the Adjutant General has somehow wrongfully denied him

---

[1] The Supreme Court of Ohio has determined there is an exception, for a particular type of state law claim, to R.C. 2743.16(A)'s two-year limit. In *Watkins v. Dept. of Youth Servs.*, 143 Ohio St.3d 477, 2015-Ohio-1776, ¶ 1, the court held that the 12-year statute of limitations set forth in R.C. 2305.111(C), and not the two-year statute of limitations set forth in R.C. 2743.16(A), applies to actions against the state brought by victims of childhood sexual abuse. Other than *Watkins*, we find no case initiated in the Court of Claims applying a statute of limitations greater than two years.

[2] In 2012, the General Assembly amended R.C. 2305.06 to change the statute of limitations for written contract claims to eight years. 2012 Sub. S.B. No. 224.

[3] Engler also argues that his claim based on 10 U.S.C. 1176 has no statute of limitations. Because this argument was not made in the trial court, we will not consider it on appeal. *Harding Pointe, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-258, 2013-Ohio-4885, ¶ 43.

military retirement benefits.  His claims are based on alleged wrongful conduct concerning his separation from service in 2004, and his inability to obtain military retirement benefits is a consequence of that alleged wrongful conduct.  Thus, applying R.C. 2743.16(A), Engler was required to bring his claims against the Adjutant General in 2006 at the latest.  He filed his claims in July 2017, many years outside the statute of limitations.

{¶ 9}   According to Engler, the Court of Claims should have tolled the applicable statute of limitations to permit him to pursue his claims against the Adjutant General. "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.*, 71 Ohio St.3d 26, 34 (1994).  "The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice." *Ohio State Bd. of Pharmacy v. Frantz*, 51 Ohio St.3d 143, 145 (1990).  To invoke the doctrine as a bar to a statute of limitations defense, the plaintiff must be able to show the defendant's specific actions prevented the plaintiff from timely filing the lawsuit.  *Doe v. Archdiocese of Cincinnati*, 116 Ohio St.3d 538, 2008-Ohio-67, ¶ 8-9 (defendant cannot be equitably estopped from asserting a defense premised on the expiration of the applicable limitations period when nothing in the complaint suggests defendant prevented plaintiff from timely filing suit).  Thus, equitable tolling is to be applied sparingly and only in exceptional circumstances. *Byers v. Robinson*, 10th Dist. No. 08AP-204, 2008-Ohio-4833, ¶ 56.

{¶ 10} Here, Engler's complaint alleges no facts suggesting the existence of an extraordinary circumstance warranting the application of the equitable tolling doctrine. While Engler's complaint alleges that he was mistreated during his military service, and that other servicemen were uncooperative with his inquiries during that time, it does not allege the Adjutant General engaged in any conduct preventing him from timely filing his lawsuit.  Therefore, the equitable tolling doctrine has no application in this case.

{¶ 11} Because the Court of Claims properly concluded that Engler's claims are time-barred pursuant to the applicable statute of limitations, we overrule Engler's sole assignment of error.

## IV.  Disposition

{¶ 12}  Having overruled Engler's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN, P.J., and BRUNNER, J., concur.

---