[Cite as *Roach v. Vapor Station Columbus, Inc.*, 2022-Ohio-2106.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Richard Roach, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 21AP-511<br>(C.P.C. No. 20CV-5894) |
| Vapor Station Columbus, Inc., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 21, 2022

**On brief:** *Levin Simes Abrams LLP*, and *Angela J. Nehmens*, for appellant. **Argued:** *William H. Cross.*

**On brief:** *Beausay & Nichols Law Firm*, and *Sara C. Nichols*, for appellee. **Argued:** *Sara C. Nichols.*

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Richard Roach, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his complaint pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm.

{¶ 2} On September 4, 2020, appellant filed a complaint against defendant-appellee, Vapor Station Columbus, Inc., d/b/a Vapor Station, an e-cigarette company, and numerous "John Doe" defendants involved in the design, production, and distribution of e-cigarette components, including lithium-ion batteries.[1] According to the allegations in the

---

[1] Appellant alleged that he "does not know and cannot ascertain the true names of Defendant John Does 1 through 50 despite due diligence of Plaintiff." (Sept. 4, 2020 Compl. at ¶ 3.)

complaint, appellant, on March 27, 2018, purchased from appellee Samsung lithium-ion batteries to be used in conjunction with his Pegasus mod e-cigarette. On April 1, 2018, the Pegasus mod e-cigarette containing the lithium-ion batteries purchased from appellee spontaneously exploded inside appellant's pants pocket. As a result, appellant sustained second- and third-degree burns to both hands and his right thigh. Based on these allegations, appellant asserted six claims against appellee and the "John Doe" defendants: product liability (defective design); product liability (failure to warn); negligence; fraudulent omission; breach of implied warranty; and violation of the Ohio Consumer Sales Practices Act.

{¶ 3} On December 8, 2020, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that appellant's claims were barred by the two-year statute of limitations set forth in R.C. 2305.10(A). Appellant filed a combined memorandum contra and motion for equitable tolling, to which appellee responded. In a decision and entry filed September 7, 2021, the trial court granted appellee's motion to dismiss and denied appellant's motion for equitable tolling.[2]

{¶ 4} Appellant assigns a single error for our review:

> The trial court abused its discretion in finding equitable tolling inapplicable to the case at bar.

{¶ 5} In his sole assignment of error, appellant asserts that the trial court erred when it did not equitably toll the limitations period applicable to his claims. Appellant maintains that extraordinary circumstances created by the COVID-19 pandemic warrant equitable tolling. We disagree.

{¶ 6} The trial court granted appellee's motion to dismiss pursuant to Civ. 12(B)(6) upon finding that the statute of limitations set forth in R.C. 2305.10(A) had lapsed and that the doctrine of equitable tolling was inapplicable. Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *O'Brien v. Univ.*

---

[2] As to the "John Doe" defendants, the court stated: "The complaint included only one named defendant (Vapor Station). No 'John Doe' defendant has been served and more than one year has passed, so under Ohio Civ.R. 3(A) this case has not been 'commenced' as to any other potential party. This case is therefore **DISMISSED**." (Emphasis sic.) (Sept. 7, 2021 Decision & Entry at 4.)

*Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). In ruling on a Civ.R. 12(B)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.) A motion to dismiss based on the application of a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time barred. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus. When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo. *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 7} Under R.C. 2305.10(A), actions based on a product liability claim, a claim for bodily injury, and a claim for loss to person or property share a two-year statute of limitations, which accrues when the injury or loss to person or property occurs. Here, the parties agree that all of appellant's claims are governed by R.C. 2305.10(A), that the claims arose from bodily injuries suffered on April 1, 2018, and that the complaint was not filed until September 4, 2020, which was after the two-year limitations period ended. Appellant argues, however, that the limitations period should have been extended pursuant to the doctrine of equitable tolling.

{¶ 8} The doctrine of equitable tolling is to be applied sparingly and only in exceptional circumstances. *Moore v. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607, ¶ 21; *Engler v. Adjutant Gen. of Ohio*, 10th Dist. No. 17AP-814, 2018-Ohio-2273, ¶ 9. "Equitable tolling is only available in compelling cases which justify a departure from established procedure." *Sharp v. Ohio Civ. Rights Comm.*, 7th Dist. No. 04 MA 116, 2005-Ohio-1119, ¶ 11. A litigant seeking equitable tolling must demonstrate he diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action. *In re Regency Village Certificate of Need Application*, 10th Dist. No. 11AP-41, 2011-Ohio-5059, ¶ 37. The doctrine is generally limited to circumstances in

which a litigant is intentionally misled or tricked into missing the filing deadline. *Moore* at ¶ 21.

{¶ 9} Here, the trial court properly declined to apply the doctrine of equitable tolling to extend the applicable statute of limitations. Appellant was injured on April 1, 2018; thus, under normal circumstances, his claims had a limitations period ending April 1, 2020. However, on March 9, 2020, in response to the emerging COVID-19 pandemic, the Governor of Ohio issued Executive Order 2020-01D, declaring a state of emergency. In addition, on March 27, 2020, the Ohio General Assembly passed a COVID-19 relief bill, 2020 Am.Sub.H.B. No. 197, which tolled, retroactively to March 9, 2020, all statutorily established statutes of limitations, time limitations, and deadlines in the Ohio Revised Code and Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever came sooner.[3] Because the period of emergency was still in effect as of July 30, 2020, the tolling period ended July 30, 2020. *Chapman Enterprises, Inc. v. McClain*, 165 Ohio St.3d 428, 2021-Ohio-2386, ¶ 11. As a result, the April 1, 2020 statute of limitations deadline was tolled beginning March 9, 2020, providing appellant a period of 23 days (the time between March 9, and April 1, 2020) to file his complaint after the statutory tolling period ended on July 30, 2020. Restarting the statute of limitations clock on July 30, 2020, appellant's new deadline to file his complaint was August 24, 2020.[4] Appellant acknowledges that he filed his complaint on September 4, 2020, 11 days past the August 24, 2020 deadline.

{¶ 10} Appellant contends that equitable tolling applies in this matter because he has demonstrated that he diligently pursued his rights, but that some extraordinary circumstance stood in his way and prevented timely action. Appellant maintains that at the time he filed his complaint, he was unaware he had filed outside the applicable statute of limitations period. According to appellant, he did not learn of the statute of limitations issue until October 7, 2020, when he received a notice from the trial court setting a pretrial

---

[3] The Supreme Court of Ohio simultaneously issued an Administrative Order tolling the time requirements established by all Supreme Court-promulgated rules. *In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166.

[4] The 23-day period ended on August 22, 2020, which was a Saturday. Because the office of the Clerk of the Franklin County Court of Common Pleas was closed to the public on August 22, 2020, the 23-day period ending on that date was extended to Monday, August 24, 2020. *See Rahm v. Hemsoth*, 53 Ohio App.2d 147 (6th Dist.1976), construing R.C. 1.14 and Civ.R. 6(A).

conference for November 12, 2020, at which time the statute of limitations issue would be discussed. Upon receipt of the trial court's notice, appellant confirmed that Executive Order 2020-01D was still in place. However, upon review of Am.Sub.H.B. No. 197, he realized that the complaint had to be filed by August 24, 2020 to satisfy the applicable statute of limitations.

{¶ 11} Appellant contends that his 11-day delay in filing his complaint did not result from a lack of diligence in pursuing his rights; rather, the delay resulted from the "extraordinary circumstance" of the COVID-19 pandemic and the resulting ambiguity regarding statutes of limitations created by Executive Order 2020-01D and 2020 Am.Sub.H.B. No. 197.

{¶ 12} We are unpersuaded by appellant's "ambiguity" argument, as it stems from his own misreading of 2020 Am.Sub.H.B. No. 197. Appellant asserts that 2020 Am.Sub.H.B. No. 197 tolled the statute of limitations until July 30, 2020 or until the expiration of Executive Order 2020-01D and that Executive Order 2020-01D was still in effect when he filed his complaint. As such, he argues, "the legislative and executive guidance espoused in House Bill 197 and Executive Order 2020-01D created ambiguity as to the statute of limitations applicable to Plaintiff's claims." (Appellant's Brief at 5.) However, appellant's assertion omits key language in 2020 Am.Sub.H.B. No. 197, which tolled statutes of limitations until the expiration of Executive Order 2020-01D or July 30, 2020, *whichever came sooner*. Had appellant correctly analyzed 2020 Am.Sub.H.B. No. 197, he would have known that the statute of limitations was tolled only until July 30, 2020. Indeed, he admits that upon receipt of the trial court's pretrial notice, he reviewed Executive Order 2020-01D and 2020 Am.Sub.H.B. No. 197 and understood August 24, 2020 to be the filing deadline. Appellant offers no explanation as to why he did not timely review Executive Order 2020-01D and 2020 Am.Sub.H.B. No. 197. "In general, 'ignorance of legal rights does not toll a statute of limitations.' " *State ex rel. Scherfling v. State Emp. Relations Bd.*, 152 Ohio App.3d 484, 2003-Ohio-1936, ¶ 16 (10th Dist.), quoting *Larson v. Am. Wheel & Brake, Inc.*, 610 F.2d 506, 510 (8th Cir.1979).

{¶ 13} Furthermore, appellant acknowledges that appellee did not mislead or trick him into missing the filing deadline. Appellant's initial misunderstanding of Executive Order 2020-01D and 2020 Am.Sub.H.B. No. 197 regarding the tolling period, through no

fault of appellee, does not warrant application of the equitable tolling doctrine. Accordingly, we overrule appellant's single assignment of error.

{¶ 14} Having overruled appellant's sole assignment, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and MENTEL, JJ., concur.

————————————