[Cite as *Strother v. Columbus*, 2022-Ohio-4097.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Orenthal Strother, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 22AP-7 |
| v. | : | (M.C. No. 21CVE-2559) |
| City of Columbus et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 17, 2022

**On brief:** *Darryl O. Parker*, for appellant.

**On brief:** *Zach Klein*, City Attorney, and *Sheena D. Rosenberg*, for appellee City of Columbus.

**On brief:** *Giffen & Kaminski, LLC, Karen L. Giffen* and *In Son J. Loving*, for appellee The Ohio Bell Telephone Company.

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Plaintiff-appellant, Orenthal Strother, appeals a judgment of the Franklin County Municipal Court entered in favor of defendants-appellees, the city of Columbus and The Ohio Bell Telephone Company ("Ohio Bell"), incorrectly named in the complaint as American Telephone and Telegraph. For the following reasons, we affirm the judgment as to Ohio Bell, but reverse it as to the city of Columbus.

{¶ 2} Due to the Covid-19 pandemic, many courts, including the municipal court, took measures intended to protect public health while maintaining essential court functions. To further those goals, on September 10, 2020, the municipal court issued an

administrative order stating that, "[i]n her discretion and in such manner as she deems appropriate, the Clerk of Court may receive any civil filing, including complaints for restitution of premises, by a way of a 'drop box' installed on the premises of the Franklin County Municipal Court." Admin. Order No. 19-2020; *accord* Admin. Order No. 26-2020 (order issued Nov. 25, 2020 that, in part, reiterated the provision permitting the clerk to install a drop box for the receipt of civil filings).

{¶ 3} In this case, Strother's attorney averred that he visited the clerk's office on Monday, January 25, 2021 to file the complaint. Because the office was closed, he could not take the complaint to a deputy clerk to have it time stamped. The attorney placed the complaint, along with service instructions, in the drop box located in the municipal court for civil filings.

{¶ 4} Although Strother's attorney placed the complaint in the drop box on January 25, 2021, the clerk did not time stamp the complaint until February 1, 2021. In accordance with the service instructions, a bailiff personally served copies of the complaint and summons at the addresses listed on the complaint on March 1, 2021.

{¶ 5} The city answered the complaint and filed a cross-claim against Ohio Bell. Rather than answer the complaint, Ohio Bell moved to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 6} In its motion to dismiss, Ohio Bell pointed out that Strother's complaint alleged damage that occurred when Strother drove over a recessed utility hole cover "[o]n or about September 28, 2017 at approximately 1:37 PM." (Compl. at ¶ 8.) A plaintiff must file an action for damage to personal property within two years after the cause of action accrues. R.C. 2305.10(A). Ohio Bell contended that Strother's action accrued on the date Strother's vehicle incurred damage—September 28, 2017—and the statute of limitations expired two years later, on September 28, 2019. According to the time stamp on Strother's complaint, it was filed on February 1, 2021—well after the statute of limitations expired. Therefore, Ohio Bell argued, Strother's failure to file his action within the two-year statute of limitations was apparent from the face of the complaint, entitling Ohio Bell to dismissal pursuant to Civ.R. 12(B)(6). Ohio Bell also moved to dismiss the city's cross-claim because, Ohio Bell alleged, the city's cross-claim was derivative of Strother's action against defendants.

{¶ 7} Strother's response to Ohio Bell's motion to dismiss attempted to introduce facts to show that exceptions to the two-year statute of limitations applied. According to Strother, he initially filed a complaint regarding damage to his vehicle on October 31, 2018. He then voluntarily dismissed that complaint on January 24, 2020. Pursuant to R.C. 2305.19(A), Ohio's savings statute, Strother had one year from the date of the dismissal to refile his action. *See id.* ("In any action that is commenced * * *, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."). Because January 24, 2021 fell on a Sunday, Strother had until Monday, January 25, 2021, to refile his complaint. *See* Civ.R. 6(A) (when the last day of a period of time prescribed or allowed by statute is a Sunday, "the period runs until the end of the next day which is not a * * * legal holiday"). In an affidavit attached to the memorandum contra, Strother's attorney explained how he had placed the complaint in the drop box located in the municipal court on January 25, 2021. Based upon these facts, Strother asked the trial court to deny Ohio Bell's motion to dismiss.

{¶ 8} The city also moved for judgment in its favor on Strother's action. Unlike Ohio Bell, which had filed a Civ.R. 12(B)(6) motion to dismiss, the city filed a motion for summary judgment. However, similar to Ohio Bell, the city based its motion on Strother's alleged failure to file within the statute of limitations.

{¶ 9} The city contended that a two-year statute of limitations also applied to Strother's action against it, albeit under R.C. 2744.04(A), which applies to actions against a political subdivision. *See id.* ("An action against a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function * * * shall be brought within two years after the cause of action accrues, or within any applicable shorter period of time for bringing the action provided by the Revised Code."). The city acknowledged that Strother had previously asserted an action against the city regarding his damaged vehicle within this two-year statute of limitations. The city also conceded that Strother had voluntarily dismissed that action on January 24, 2020, giving Strother until January 25, 2021 to refile his complaint. However, according to the city, Strother's instant action was untimely

because the complaint bore a time stamp of February 1, 2021. The city argued that Strother did not refile his action within one year of the voluntary dismissal of his first action, entitling the city to summary judgment.

{¶ 10} In response to the city's motion for summary judgment, Strother reiterated the facts he had asserted in response to Ohio Bell's motion to dismiss. Strother argued that the trial court should apply the doctrine of equitable tolling to accept his complaint as timely filed. Strother contended that he diligently filed his complaint within the statute of limitations, but due to the extraordinary circumstances occasioned by the Covid-19 pandemic, the clerk did not immediately time stamp the complaint.

{¶ 11} In a judgment entered December 2, 2021, the trial court granted Ohio Bell's motion to dismiss and the city's motion for summary judgment. In relevant part, the trial court stated:

> The docket reflects that [Strother's] complaint was filed by the Clerk of Court on February 1, 2021, beyond the one[-]year deadline of January 25, 2021. Even accepting as true that the complaint was placed in the Clerk's drop box on January 25, 2021, such that the Court and Clerk's office's operational response to the Covid-19 pandemic impacted [Strother's] ability to file his complaint on January 25, 2021, that extraordinary circumstance is not the sole criteria for applying equitable tolling to the statute of limitations. * * * [Strother's] filings invoking equitable tolling offer no explanation as to how [Strother] pursued his rights "diligently" by waiting until the very last day to re-file his claim.

(Dec. 2, 2021 Order to Dismiss at 1.) Because the trial court found that Strother did not demonstrate diligence, the trial court refused to apply the equitable tolling doctrine. Given the trial court's finding that the complaint was filed on February 1, 2021, the trial court concluded that Strother's action was untimely.

{¶ 12} Strother now appeals the December 2, 2021 judgment. For his assignment error, Strother asserts that "[t]he trial court abused its discretion when finding that the [a]ppellant did not diligently pursue his rights." Strother contends that he provided proof that he acted diligently and, thus, the trial court erred in concluding that he failed to establish entitlement to equitable tolling.

{¶ 13} Initially, we will address whether the trial court erred in granting Ohio Bell's Civ.R. 12(B)(6) motion to dismiss on the ground that Strother failed to prove entitlement

to equitable tolling. A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. A court may dismiss a claim under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the face of the complaint conclusively shows that the claim is time barred. *Schmitz v. NCAA*, 155 Ohio St.3d 389, 2018-Ohio-4391, ¶ 11; *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 13. Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *McKinley* at ¶ 12.

{¶ 14} In deciding a Civ.R. 12(B)(6) motion, a court may not consider factual allegations or evidence outside of the complaint. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, ¶ 26; *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997); *Loveland Edn. Assn. v. Loveland City School Dist Bd. of Edn.*, 58 Ohio St.2d 31, 32 (1979). Consequently, a defendant may only assert a statute-of-limitations defense through a Civ.R. 12(B)(6) motion—and a court may only grant such a motion—when the defense is apparent from the face of the complaint. *Gore v. Mohamod*, 10th Dist. No. 21AP-526, 2022-Ohio-2227, ¶ 14; *Singleton v. Adjutant Gen. of Ohio*, 10th Dist. No. 02AP-971, 2003-Ohio-1838, ¶ 18. To conclusively establish the statute-of-limitations defense, the complaint must show both: (1) the relevant statute of limitations, and (2) the absence of factors that would toll the statute of limitations or make it inapplicable. *Stafford v. Columbus Bonding Ctr.*, 177 Ohio App.3d 799, 2008-Ohio-3948, ¶ 23 (10th Dist.); *Singleton* at ¶ 19.

{¶ 15} In the case at bar, Strother did not contest that the two-year statute of limitations set forth in R.C. 2305.10(A) applied to his action against Ohio Bell. Under R.C. 2305.10(A), Strother's cause of action against Ohio Bell accrued "when the injury or loss to person or property occur[ed]." As we stated above, Strother alleged in his complaint that his injury occurred when he drove over a recessed utility hole cover "[o]n or about September 28, 2017 at approximately 1:37 PM." (Compl. at ¶ 8.) Consequently, the complaint establishes that the statute of limitations accrued on September 28, 2017, and it expired two years later, on September 28, 2019.

{¶ 16} To avoid operation of the statute-of-limitations defense, Strother asserted two exceptions to that defense in his memorandum contra to Ohio Bell's motion to dismiss. First, Strother claimed the benefit of the savings statute, and he presented affidavit testimony that he had voluntarily dismissed his initial action against Ohio Bell on January 24, 2020. Strother asserted, therefore, that he had one additional year from the date of dismissal to refile his action. Second, Strother testified to facts that he argued justified the application of the equitable tolling doctrine.

{¶ 17} The trial court, however, could not consider Strother's arguments because they rested on factual allegations and evidence outside the complaint. As we stated above, a trial court's Civ.R. 12(B)(6) review cannot exceed the four corners of the complaint. Due to this rule, "when a complaint on its face is barred by a statute of limitation, [ ] it is the duty of the pleader to assert exceptions to the statute" in the complaint. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 174 (1973). In other words, "where a statute of limitations problem is evident from the allegations in a complaint itself, the complaint in order to withstand a motion to dismiss must contain further allegations to suggest why the limitations bar does not apply." *Gore*, 10th Dist. No. 21AP-526, 2022-Ohio-2227, at ¶ 16; *accord Vogel v. Huron Cty. Commrs.*, 6th Dist. No. H-92-048 (June 11, 1993) ("[W]here the complaint establishes a prima facie statute[-]of[-]limitations defense, then the plaintiff must bear the additional burden of pleading facts establishing an exception to the defense.").

{¶ 18} The plaintiff's failure to meet its burden will result in dismissal. A trial court properly grants a Civ.R. 12(B)(6) motion to dismiss based on a facially apparent statute-of-limitations defense where the complaint contains no allegations supporting an exception to the defense. *Gore* at ¶ 11 (no allegations in the complaint supporting the application of the equitable estoppel doctrine); *Omobien v. Flinn*, 9th Dist. No. C.A. 29841, 2021-Ohio-2096, ¶ 8-11 (no allegations in the complaint supporting the application of the savings statute); *Engler v. Adjutant Gen. of Ohio*, 10th Dist. No. 17AP-814, 2018-Ohio-2273, ¶ 10-11 (no allegations in the complaint supporting the application of the equitable estoppel doctrine); *Rankin v. Rosolowski*, 8th Dist. No. 104079, 2016-Ohio-7490, ¶ 10 (no allegations in the complaint supporting the application of the savings statute); *Brisk v. Draf Industries, Inc.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 25 (no allegations in the complaint supporting

tolling due to the defendant's absence from the state); *Kelley v. Stauffer*, 10th Dist. No. 10AP-235, 2010-Ohio-4522, ¶ 13-15 (no allegations in the complaint to supporting tolling due to the defendant's absence from the state); *Kennedy v. Heckard*, 8th Dist. No. 80234, 2002-Ohio-6805, ¶ 11-12 (no allegations in the complaint supporting the application of the savings statute).

{¶ 19} We recognize that a plaintiff does not generally bear the burden of pleading around defenses in its complaint. *Savoy v. Univ. of Akron*, 10th Dist. No. 11AP-183, 2012-Ohio-1962, ¶ 8. A plaintiff, however, has recourse if the factual allegations in the complaint establish a statute-of-limitations defense, but not an exception to that defense. A plaintiff may amend its complaint as a matter of course within 28 days after service of a motion to dismiss. Civ.R. 15(A). If necessary, a plaintiff may seek leave of court under Civ.R. 15(A) to amend the complaint, which a trial court should liberally grant to allow the plaintiff to properly assert an exception to a statute-of-limitation defense. *Gore* at ¶ 19; *Vogel*; *accord Peterson*, 34 Ohio St.2d at 175 (holding that the trial court erred in denying the plaintiff's motion to amend its complaint to add facts to establish an exception to a statute-of-limitations defense).

{¶ 20} In *Savoy*, this court failed to appreciate the recourse Civ.R. 15(A) affords a plaintiff who does not anticipate a motion for dismissal based on the statute-of-limitations defense. Savoy filed a complaint that established, on its face, that his action was not filed within the two-year statute of limitations. The complaint contained no allegations regarding factors that would toll the statute of limitations or make it inapplicable. The trial court, therefore, granted the defendant's Civ.R. 12(B)(6) motion to dismiss the action. On appeal, the *Savoy* court reversed the trial court's judgment because, when Savoy responded to the motion to dismiss, he presented information indicating he filed his action within the one-year period of the savings statute. *Id.* at ¶ 9. The court reasoned that, "it is always difficult to fairly serve the interest of justice by reaching the substantial merits of the case when forcing a plaintiff to anticipate affirmative defenses for which a plaintiff may, in fact, have a sound rebuttal in the complaint." *Id.*

{¶ 21} As the dissent in *Savoy* pointed out, after Savoy received the motion to dismiss, he had the option of amending his complaint to allege facts demonstrating an exception to the statute of limitations. *Id.* at ¶ 13. Although the defendant forced a

resolution of the statute-of-limitations defense early and, perhaps, unexpectedly, Savoy had a procedural mechanism, Civ.R. 15(A), through which to plead a factual rebuttal to the affirmative defense. Savoy, however, did not take advantage of his ability to amend. The interests of justice, therefore, did not weigh in Savoy's favor, defeating the rationale the *Savoy* court relied upon for its ruling.

{¶ 22} The failure of the *Savoy* decision's rationale has particular importance because *Savoy* contravenes longstanding Supreme Court of Ohio precedent. As we have stated repeatedly in this decision, in deciding a Civ.R. 12(B)(6) motion, a court may not consider factual allegations or evidence outside of the complaint. *Scott*, 112 Ohio St.3d 324, 2006-Ohio-6573, at ¶ 26; *Fuqua*, 79 Ohio St.3d at 207; *Loveland Edn. Assn.*, 58 Ohio St.2d at 32. The *Savoy* court held that factual allegations made in response to a Civ.R. 12(B)(6) motion to dismiss—but nowhere in the complaint—warranted denial of the motion. Because this holding hinges the ruling on a motion to dismiss on the factual allegations in a plaintiff's response, it violates with the well-settled rule prohibiting consideration of such extrinsic allegations. Moreover, *Savoy* conflicts with other precedent of this court that has held, as we stated above, that a trial court properly grants a Civ.R. 12(B)(6) motion to dismiss based on a facially apparent statute-of-limitations defense where the complaint contains no allegations supporting an exception to the defense. *See Gore*, 10th Dist. No. 21AP-526, 2022-Ohio-2227, at ¶ 11; *Engler*, 10th Dist. No. 17AP-814, 2018-Ohio-2273, at ¶ 10-11; *Brisk*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, at ¶ 25; *Kelley*, 10th Dist. No. 10AP-235, 2010-Ohio-4522, at ¶ 13-15. We, consequently, must overrule *Savoy*.

{¶ 23} Turning back to the case at bar, we find that Strother's complaint contains no allegations suggesting the application of any exception to the statute-of-limitations defense Ohio Bell raised in its motion to dismiss. There is no reference in the complaint to the prior action against Ohio Bell nor the drop box. Strother never amended his complaint to include such allegations. The trial court, therefore, erred in considering those allegations to decide Ohio Bell's motion to dismiss. The trial court should not have considered, much less determined, issues regarding the savings statute or equitable tolling because there are no allegations in the complaint relevant to those issues.

{¶ 24} Nonetheless, this error does not require the reversal of the trial court's decision on the motion to dismiss. An appellate court should not reverse a correct judgment

because the trial court relied on an erroneous reason for its determination. *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, ¶ 51. In other words, an appellate court will affirm a trial court's judgment if the court achieves the right legal result, even if the court's reasoning is wrong. *Hassey v. Columbus*, 10th Dist. No. 17AP-726, 2018-Ohio-3958, ¶ 33.

**{¶ 25}** With regard to the statute of limitations, the face of Strother's complaint reflects only that his action accrued on September 28, 2017, and the first page was time stamped "filed" on February 1, 2021. Over three years elapsed between those two dates. Applying the two-year statute of limitations set forth in R.C. 2305.10(A), a court can only conclude that Strother's action is time barred. Thus, the trial court properly granted Ohio Bell's Civ.R. 12(B)(6) motion to dismiss.[1]

**{¶ 26}** We next review the trial court's decision to grant the city's motion for summary judgment. A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

**{¶ 27}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations. *Id.* Rather, the moving party

---

[1] In so ruling, we note that the city did not file a cross-appeal challenging the dismissal of its cross-claim against Ohio Bell. Consequently, our review of the trial court's judgment to grant the motion to dismiss does not include its decision to dismiss the city's cross-claim. We express no opinion regarding that decision.

must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*  If the moving party meets its burden, then the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293.  If the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.  *Dresher* at 293.

{¶ 28}  As we explained above, in its motion for summary judgment, the city conceded that Strother voluntarily dismissed his original action against the city on January  24, 2020, and thus, he had until January 25, 2021 to refile his action pursuant to the savings statute and Civ.R. 6(A).  The city argued that Strother had not refiled his action timely.  In response, Strother asserted that the trial court should apply the equitable tolling doctrine.

{¶ 29}  " 'The equitable tolling doctrine extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own.' "  *In re Regency Village Certificate of Need Application*, 10th Dist. No. 11AP-41, 2011-Ohio-5059, ¶ 36, quoting *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir.2010).  A litigant seeking equitable tolling must demonstrate that:  (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at ¶ 37; *Roach v. Vapor Station Columbus, Inc.*, 10th Dist. No. 21AP-511, 2022-Ohio-2106, ¶ 8.  The diligence a litigant must exercise for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.  *Holland v. Florida*, 560 U.S. 631, 653 (2010).  Generally, courts apply the equitable tolling doctrine sparingly and only in exceptional circumstances.  *Roach* at ¶ 8; *Regency Village* at ¶ 36.  Courts determine whether equitable tolling is appropriate on a case-by-case basis.  *Holland* at 649-50; *Regency Village* at ¶ 36.

{¶ 30} The trial court refused to apply equitable tolling because it found that Strother did not prove that he diligently pursued his rights.  According to the trial court, Strother was less than diligent because he waited until the last day before the expiration of the statute of limitations to file his complaint.  We thus begin by considering whether Strother acted diligently by placing his complaint in the clerk's drop box on January 25, 2021, the last day on which he could file his complaint within the statute of limitations.

{¶ 31} Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."  Generally, a party must file a document "by filing [it] with the clerk of court * * *."  Civ.R. 5(E).  "A document is 'filed' when it is deposited properly with the clerk of courts."  *Zanesville v. Rouse*, 126 Ohio St.3d 1, 2010-Ohio-2218, ¶ 7, *vacated in part on reconsideration on other grounds*, 126 Ohio St.3d 1227, 2010-Ohio-3754.  Accomplishing the "filing" of a document does not depend on the clerk's performance of its duties, such as the duty to time stamp or docket the complaint.  *Id.*  "[A] party 'files' by depositing a document with the clerk of court, and then the clerk's duty is to certify the act of filing.  In short, the time or date stamp does not cause the filing; the filing causes the certification."  *Id.*

{¶ 32} Here, the municipal court had authorized the clerk to "receive any civil filing[s] * * * by way of a 'drop box' installed on the premises of the Franklin County Municipal Court."  Admin. Order No. 19-2020; *accord* Admin. Order No. 26-2020 (order issued Nov. 25, 2020 that, in part, reiterated the provision permitting the clerk to install a drop box for the receipt of civil filings).  According to the affidavit testimony of Strother's attorney, he placed the complaint in that drop box on January 25, 2021.  A reasonable finder of fact could interpret this evidence to show that, on January 25, 2021, Strother deposited his complaint with the clerk via a method endorsed by the municipal court for the receipt of civil filings.  A reasonable finder of fact, therefore, could conclude that Strother filed his complaint on January 25, 2021.  While the clerk did not time stamp the complaint until February 1, 2021, that time stamp is merely evidence of a date of filing that contradicts Strother's evidence.  *See Rouse* at ¶ 8, quoting *King v. Penn*, 43 Ohio St. 57, 61 (1885) (holding that the endorsement on the complaint of " 'the fact and date of filing is but evidence of such filing' ").

{¶ 33} If Strother timely filed his complaint, then he diligently pursued his rights.  Given that a question of fact exists regarding when Strother filed his complaint, we conclude that the trial court erred in determining Strother did not act diligently.  Of course, if Strother timely filed his complaint, he need not resort to reliance on the equitable tolling doctrine at all, so his diligence or lack thereof becomes moot.

{¶ 34} Alternatively, we conclude that "delay between a document's arriving at a * * * drop-box, designated for court documents, and the clerk's docketing the document is not attributable to the filing party." *Ross v. McKee*, 465 Fed.Appx. 469, 474 (6th Cir.2012). Under Strother's version of facts, he placed his complaint in the drop box within the statute of limitations. The clerk, therefore, bears responsibility for the week delay between her receipt of the complaint and the docketing and time-stamping of the complaint. The diligence prong of the equitable tolling doctrine "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe v. United States*, 577 U.S. 250, 257 (2016). Construing the evidence most strongly in Strother's favor, it was the extraordinary circumstances outside of his control, not a lack of diligence over matters within his control, which resulted in the February 1, 2021 time stamp on the complaint. The trial court, therefore, erred in granting the city summary judgment.

{¶ 35} In sum, we overrule Strother's assignment of error with regard to Ohio Bell because we conclude that the trial court did not err in granting Ohio Bell's Civ.R. 12(B)(6) motion to dismiss. We sustain Strother's assignment of error with regard to the city, with the caveat that we find that the trial court committed a legal error, not an abuse of discretion, in granting the city summary judgment.

{¶ 36} For the foregoing reasons, we overrule in part and sustain in part the sole assignment of error. We affirm in part and reverse in part the judgment of the Franklin County Municipal Court, and we remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

SADLER and MENTEL, JJ., concur.

————————